**Aileen J. HUBER, Plaintiff,**

v.

**Donald BLINZINGER, as Administrator of Public Welfare; and Robert Goshert as Director of the St. Joseph County Department of Public Welfare, Defendants.**

**Donald L. BLINZINGER, as Administrator of the Indiana State Department of Public Welfare, Third Party Plaintiff,**

v.

**Margaret HECKLER, as Secretary of the Department of Health and Human Services; Clyde Downing as Regional Administrator, Office of Family Assistance, Third Party Defendants.**

No. S 82–542.

United States District Court,
N.D. Indiana,
South Bend Division.

April 8, 1985.

Wendell W. Walsh, Legal Services Program, South Bend, Ind., for plaintiff.

Gary L. Shaw, Deputy Atty. Gen., Indianapolis, Ind., Bruce BonDurant, David Kreider, Asst. U.S. Atty., South Bend, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is presently before the court on a Motion to Amend and Alter Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure filed December 5, 1984 by the State defendants and a Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure filed January 8, 1985 by the Third Party defendants. Both motions seek a dissolution of a permanent injunction entered against the State defendants by order of this court on November 28, 1984 and judgment in their favor as a result of a change in federal law and regulations. All parties have fully briefed the issues and oral argument was heard on March 5, 1985 at which time the permanent injunction issued in this case was stayed.

In its Memorandum of Decision and Order entered on November 28, 1984, this court held that the policy of the Indiana Department of Public Welfare (DPW) considering Old Age, Survivor and Disability Insurance (OASDI) benefits received by a representative payee on behalf of a child as "income" to an AFDC applicant and his or her family for the purpose of calculating AFDC benefits was in violation of applicable federal law. More specifically, the court found that the DPW policy of deeming income was in conflict with federal statutes and regulations governing the conduct of a representative payee and limited its decision accordingly. On July 18, 1984, Congress passed the Deficit Reduction Act of 1984 which contained the following provision:

[T]hat in making the determination under [42 U.S.C. § 602(a)(7) with respect to a dependent child and apply [42 U.S.C. § 602(a)(8)], the State agency shall (except as otherwise provided in this part) include—

(A) any parent of such child, and (B) any brother or sister of such child, if such brother or sister meets the conditions described in clauses (1) and (2) of [42 U.S.C. § 606(a)], if such parent, brother, or sister is living in the same home as the dependent child, and any income of or available for such parent, brother or sister shall be included in making such determination and applying such paragraph with respect to the family (notwithstanding section 205(j) in the case of benefits provided under Title II).

Section 2640 of the Deficit Reduction Act of 1984. The issue before the court is what effect, if any, this provision has on this court's order of November 28, 1984.

Section 205(j) of Title II, 42 U.S.C. § 405(j), establishes the payment of OASDI benefits to a representative payee for an individual entitled to receive the benefits. As indicated in the Deficit Reduction Act provision, *notwithstanding* the requirements under 42 U.S.C. § 405(j) for the purposes of AFDC eligibility, OASDI benefits made to a representative payee on behalf of a member of the AFDC assistance unit must be counted as income. In recent interim regulations, the Secretary of Health and Human Services further highlighted the requirement to consider OASDI benefit payments to a representative payee on behalf of a member of an AFDC assistance unit. In the comments to the regulations regarding AFDC assistance, the Secretary stated:

> All of the income and resources of the individuals required to be included in the assistance unit must be considered in determining eligibility and payment for the assistance unit. In this connection, the statute specifically provides for the inclusion of title II benefits, notwithstanding [42 U.S.C. § 405(j)]. When title II benefits are paid to a representative payee on behalf of a member of the assistance unit and the payee lives in the same household as the assistance unit, the title II benefits must be counted as income. When the representative payee does not live in the household, the title II benefits are included only to the extent that the payee makes them available for the support of the beneficiary. Conforming changes in title II regulations will be published shortly.

49 Fed.Reg. 35588–89 (September 10, 1984). Thus, under Section 2640 of the Deficit

Reduction Act and the Secretary's regulations and interpretations thereof, the DPW's policy of considering OASDI benefits received by a representative payee on behalf of a child as "income" to an AFDC applicant or his or her family for the purposes of calculating AFDC benefits was required by federal statute.[1] Accordingly, since the underlying basis for the issuance of the permanent injunction in this case has been undermined by the Deficit Reduction Act of 1984, the permanent injunction must be dissolved.

 The plaintiff maintains, however, that the permanent injunction in this case should be reinstated because Section 2640 (1) creates an irrebutable presumption which denies plaintiff's due process rights; and (2) did not repeal Sections 205(j) and 208(e) of the Social Security Act so that plaintiff would be forced to violate a criminal statute by the application of Section 2640. This court does not find these arguments persuasive.

Section 205(j) of the Social Security Act provides that:

> When it appears to the Secretary that the interest of an applicant entitled to a payment would be served thereby, certification of payment may be made, regardless of the legal competency or incompetency of the individual entitled thereto, either for direct payment to such applicant, or for his use and benefit to a relative or some other person.

42 U.S.C. § 405(j).

Section 208(e) of the Social Security Act provides, in relevant part:

> Whoever—
>
> \* \* \* \* \* \*
>
> (e) having made application to receive payment under this subchapter for the use and benefit of another and having

---

**1.** This case was filed before the Deficit Reducation Act of 1984 was passed and the plaintiff was challenging the policy of the DPW as it was applied to her prior to that time. However, applying the same basic analysis used by the Supreme Court in *Heckler v. Turner,* —— U.S. ——, 105 S.Ct. 1138, 84 L.Ed.2d 138 (1985) in determining whether the Secretary and thus the

Indiana DPW had correctly interpreted Congress' intent with respect to "income" in determining need for AFDC purposes, this court finds that the Deficit Reduction Act of 1984 was clarifying current law, not amending it. Accordingly, the DPW's policy was not in conflict with federal law.

received such a payment, knowingly and willfully converts such payment, or any part thereof, to a use other than for the use and benefit of such other person;

\* \* \* \* \* \*

shall be guilty of a felony and upon conviction thereof shall be fined not more than $5,000 or imprisoned for not more than five years, or both.

42 U.S.C. § 408(e).

These statutes are specific in nature and are not subject to repeal by implication by a later generalized statute absent a clear intention otherwise. *See, Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976). However, this court finds such a clear intention on the part of Congress in this instance. Section 2640 of the Deficit Reduction Act of 1984 specifically provides that "notwithstanding Section 205(j) in the case of benefits provided under Title II." Any income of or available to the AFDC family unit is to be included in making a determination of AFDC eligibility. The specific reference to section 205(j) clearly indicates that Congress was well aware of the provision of section 205(j) and its possible inconsistency with Section 2640 and by express language indicated how the potential conflict was to be resolved. Further, such resolution is consistent with the general purpose of the Deficit Reduction Act of 1984, namely, to reduce federal expenditures. *See, e.g., Sadler on Behalf of Bailey v. Atkins*, 597 F.Supp. 1204, 1209 (D.Mass.1984). Thus, by making Section 205(j) inapplicable to this situation, Section 208(e) must logically be inapplicable as well and plaintiff's position based on this argument is not supported by law.

■ Likewise, plaintiff's argument with respect to Section 2640 violating her due process rights is without foundation. In support of her due process argument, plaintiff cites the case of *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) for the proposition that Congress may not invidiously discriminate based on criteria which bear no rational relationship to a legitimate legislative goal.

Although this may be a fair summary of the *Weinberger* case, it does not support plaintiff's position in this case. The underlying purpose of the AFDC program was to provide financial assistance to needy dependent children and the parents or relatives who live with and care for them. *Heckler v. Turner*, —— U.S. ——, ——, 105 S.Ct. 1138, 1141, 84 L.Ed.2d 138 (1985). In determining need under the AFDC program, the income and benefits available to the AFDC unit, as a total of the income individuals making up the unit, is of critical importance for if the needs of the dependent children and family are being met without AFDC assistance, the underlying purpose of the AFDC program is being met. Thus, the inclusion of OASDI benefits received by a member of an AFDC unit in the income of the AFDC unit is certainly rationally related to the underlying goal of the AFDC program. Further, since both the AFDC and OASDI programs are social welfare programs, the consideration of benefits provided by the OASDI program in determining need under the AFDC program also facilitates the allocation of limited funds available to meet the needs of the American people.

For the foregoing reasons, the State defendants' Motion to Amend and Alter Judgment and the Motion for Relief from Judgement filed by Third Party defendants are GRANTED. The permanent injunction heretofore issued by this court on November 28, 1984 is DISSOLVED.

SO ORDERED.