Penny CREATON, Patricia Walker and Dolores Anspach, on behalf of themselves and others similarly situated, Plaintiffs,

v.

Margaret HECKLER, in her official capacity as Secretary of the United States Department of Health and Human Services; Linda McMahon, in her official capacity as Director of the California Department of Social Services, Defendants.

No. CV 85–3306–R.

United States District Court, C.D. California.

June 20, 1985.

Robert C. Bonner, U.S. Atty., Frederick M. Brosio, Jr., Asst. U.S. Atty., Chief, Civ. Div., Fumiko Hachiya Wasserman, George H. Wu, Asst. U.S. Attys., Los Angeles, Cal., for federal defendant.

Byron J. Gross, Bruce Iwasaki, M. Judith Nishimoto, Legal Aid Foundation of Los Angeles, Los Angeles, Cal., James Carroll, San Fernando Valley Neighborhood Legal Services, Inc., Pacoima, Cal., Richard A. Rothschild, Western Center on Law and Poverty, Inc., Los Angeles, Cal., Thomas Weathered, Evelyn R. Frank, Legal Aid Soc. of Alameda County, Hayward, Cal., Thomas Mason, Redwood Legal Assistance, Ukiah, Cal., for plaintiffs.

John K. Van De Kamp, Atty. Gen., Anne S. Pressman, Supervising Deputy Atty. Gen., Barbara M. Motz, Michael V. Hammang, Deputy Attys. Gen., Los Angeles, Cal., for state defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

REAL, Chief Judge.

This matter came on for hearing before the Court on May 24, 1985 and on June 5, 1985. The Court having considered the pleadings, motions, memoranda of law, declarations, affidavit, exhibits, other papers and oral argument of counsel, being duly advised in the premises, makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On May 17, 1985, plaintiffs Penny Creaton ("CREATON"), Patricia Walker ("WALKER") and Dolores Anspach ("ANSPACH"), on behalf of themselves and others similarly situated, brought a Class Action Complaint for Declaratory and Injunctive Relief pursuant to 28 U.S.C. Sections 1331, 1343(a)(3) and 1361, seeking injunctive and declaratory relief against the defendants. Plaintiffs challenge implementation in California of federal and state regulations promulgated pursuant to Section 2640(a) of the Deficit Reduction Act of 1984, Pub.L. No. 98–369, 98 Stat. 1145 (1984) ("DRA"), which amended 42 U.S.C. § 602(a) by adding a subpart 38, 42 U.S.C. § 602(a)(38). Pursuant to the DRA, the SECRETARY amended 45 C.F.R. § 206.-10(a)(vii) to conform with the new law. *See* 49 C.F.R. 35586 (Sept. 10, 1984).

2. The named plaintiffs bringing suit to challenge the regulations set forth claims typical of the class as defined below:

All families in the state of California in which one or more members receives benefits under the Aid to Families with Dependent Children program and in

which one or more children living in the household receives benefits under Title II of the Social Security Act resulting from the disability, retirement or death of a parent, and which will lose some or all of their AFDC benefits through implementation of defendants' regulations purporting to implement Section 2640(a) of the Deficit Reduction Act of 1984.

Further, the members of plaintiffs' class are so numerous that joinder is impracticable; there are questions of law or fact common to and typical of the class; and the plaintiffs as representative parties will fairly and adequately protect the interests of the class.

3. The Aid to Families with Dependent Children ("AFDC") program authorized under Title IV–A of the Social Security Act, 42 U.S.C. § 601 *et seq.*, is a cooperative federal-state effort established by Congress in 1935 to enable each state, as far as practicable under the conditions of such state, to furnish financial assistance to certain needy children and the parent or relatives with whom they live. 42 U.S.C. § 602. States are not required to participate in the AFDC program, but those states wishing to participate must submit plans to the Department of Health and Human Services for approval. 42 U.S.C. § 602(b). If the plan meets the requirements of Title IV–A and the implementing regulations and is thereby approved, the state becomes eligible for approximately half of the program's funding from the federal government. 42 U.S.C. § 603. The AFDC program is administered locally by the states, in accordance with state and federal regulations. Implementing federal regulations are promulgated by the Secretary pursuant to 42 U.S.C. § 1302. The state of California participates in the program.

4. In order to qualify for AFDC benefits, applicants must meet certain standards of financial need, defined by their income and resources. 42 U.S.C. § 602(a).

5. Pursuant to the DRA, several changes were made to the AFDC program, including a change in the composition of the filing unit for AFDC assistance. Section 402(a) of the Act, 42 U.S.C. § 602(a), was amended by the addition of paragraph 38, which provides:

PARENTS AND SIBLINGS OF DEPENDENT CHILD INCLUDED IN AFDC FAMILY; CHILD SUPPORT PAYMENTS

\* \* \* \* \* \*

in making the determinations under paragraph (7) with respect to a dependent child and applying paragraph (8), the State agency shall (except as otherwise provided in this part) include—

"(A) any parent of such child, and (B) any brother or sister of such child, if such brother or sister meets the conditions described in clauses (1) and (2) of section 406(a) [42 U.S.C. § 606(a)], if such parent, brother or sister is living in the same home as the dependent child, and any income of or available for such parent, brother, or sister shall be included in making such determination and applying such paragraph with respect to the family (notwithstanding section 205(j) [42 U.S.C. § 405(j)] in the case of benefits provided under title II).…

42 U.S.C. § 602(a)(38).

6. The SECRETARY has interpreted "any income of or available for such parent, brother, or sister … (notwithstanding section 205(j) [42 U.S.C. § 405(j)] in the case of benefits under title II) …." to include Title II children's benefits to a Title II child beneficiary residing with an AFDC family assistance unit. 42 U.S.C. § 602(a)(38).

7. The language "for the use and benefit" of a Title II child beneficiary whose benefits are paid to an adult representative payee, which appears in both 42 U.S.C. §§ 405(j) and 408(e), has been interpreted by the SECRETARY.

8. The SECRETARY's interpretation of "for the use and benefit" of the Title II child beneficiary is set forth in the Affidavit of Jack Gallagher, Director of the Litigation Staff, Office of Regulations in the

Office of Policy, Social Security Administration, Department of Health and Human Services ("GALLAGHER AFFIDAVIT"). According to this affidavit, the SECRETARY considered prior to and after the DRA, that the use of Title II children's benefits to provide support and maintenance for both the beneficiary and the AFDC family assistance unit of which the beneficiary is a member, to be "for the use and benefit" of the beneficiary as set forth in section 208(e) of the Social Security Act, 42 U.S.C. § 408(e).

9. On September 10, 1984, the Secretary published interim final regulations, 42 Fed. Reg. 35586 (1984), implementing the DRA changes, effective October 1, 1984. The regulations require that all income and resources of the individuals required to be included in the assistance unit must be considered in determining eligibility and payment for the assistance unit. *See,* 49 Fed.Reg. 35588. The SECRETARY states that:

> [T]he statute specifically provides for the inclusion of title II benefits, notwithstanding section 205(j). When title II benefits are paid to a representative payee on behalf of a member of the assistance unit and the payee lives in the same household as the assistance unit, the title II benefits must be counted as income. When the representative payee does not live in the household, the title II benefits are included only to the extent that the payee makes them available for the support of the beneficiary. Conforming changes in the title II regulations will be published shortly.

49 Fed.Reg. 35588-89.

10. The regulations defining the family filing unit provide:

> For AFDC only, in order for the family to be eligible, an application with respect to a dependent child must also include, if living in the same household and otherwise eligible for assistance:
>
> (A) Any natural or adoptive parent, or stepparent (in the case of States with laws of general applicability); and

> (B) Any blood-related or adoptive brother or sister.

49 Fed.Reg. 35599 (Sept. 10, 1984), codified at 45 C.F.R. § 206.10(a)(1)(vii).

11. Any conclusion of law deemed to be a finding of fact is hereby incorporated into these Findings of Fact.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction herein.

2. Plaintiffs' Motion for Class Certification is granted and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the matter is certified as a class action.

3. Plaintiffs' Motion for Preliminary Injunction is denied because the Court rejects the legal arguments set forth by plaintiffs. *See, Los Angeles Memorial Coliseum Com'm v. Nat. Football League,* 634 F.2d 1197 (9th Cir.1980); *Sports Form, Inc. v. United Press Intern., Inc.,* 686 F.2d 750, 753 (9th Cir.1982); *Miss Universe, Inc. v. Flesher,* 605 F.2d 1130, 1134 (9th Cir.1979); *Benda v. Grand Lodge of Intern. Ass'n.,* 584 F.2d 308, 315 (9th Cir.1978).

4. Under the Secretary's interpretation of "for the use and benefit of" in 42 U.S.C. §§ 405(j) and 408(e), the Title II children's benefits paid to a representative payee are available to provide support and maintenance for both the Title II beneficiary and the AFDC Assistance Unit when the Title II children reside with parents or siblings who receive AFDC. *See* 42 U.S.C. § 408(e); GALLAGHER AFFIDAVIT; and Exhibit 1, attached hereto.

5. The construction of a statute by the agency charged with its enforcement is entitled to substantial deference, and the agency's interpretation will be deferred to if it is reasonable and consistent with the underlying congressional purpose. *See Schweiker v. Hogan,* 457 U.S. 569, 588, 102 S.Ct. 2597, 2609, 73 L.Ed.2d 227 (1982); *Blum v. Bacon,* 457 U.S. 132, 141–42, 102 S.Ct. 2355, 2361, 72 L.Ed.2d 728 (1982). There is nothing in the legislative history to indicate that the Secretary could not interpret "for the use and benefit" of the Title II child beneficiary to include Title II

payments made to provide for the support and maintenance of both the beneficiary and the AFDC family unit with which the child resides. Because the Secretary's interpretation of 42 U.S.C. § 602(a)(38), in light of her interpretation of "for the use and benefit" in 42 U.S.C. §§ 405(j) and 408(e), is reasonable and consistent with the DRA, the Title II children's benefit program, and the AFDC program, substantial deference must be given. Her regulations are consistent with her interpretation of the statutes.

6. Plaintiffs' oral motion for an injunction pending appeal is denied without prejudice because the Court is informed that the parties will make efforts to have the matter expedited on appeal.

7. Any finding of fact deemed to be a conclusion of law is hereby incorporated in these Conclusions of Law.