Ruby OLIVER, on behalf of herself and her minor children, Monica Oliver and Lakeesha Jones; Mary Briscoe, on behalf of herself and her minor children, Tanya Briscoe and Marcus Briscoe; Lottie Roberts, on behalf of herself and her minor children, Albert Bryant and Otis Roberts; Rose Mary Kelly, on behalf of herself and her minor children, Amon Rashon Davis and Tiesha Nakia Nelson; and all others similarly situated, Plaintiffs, and

Harriet Gunter, on behalf of herself and her minor children, Myssi Byrdsell and John Byrdsell, Plaintiffs-Intervenors,

v.

James G. LEDBETTER, in his official capacity as Commissioner of the Georgia Department of Human Resources; and Margaret M. Heckler, in her official capacity as Secretary of the United States Department of Health and Human Services, Defendants.

Civ. A. No. C85–36912.

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 16, 1985.

Gary Leshaw, Phylis J. Holman, Decatur, Ga., John L. Cromartie, Jr., Atlanta, Ga., Vicky O. Kimbrell, Conyers, Ga., Lisa J. Krisher, Augusta, Ga., for plaintiffs-intervenors.

Larry D. Thompson, U.S. Atty., Robert Tayloe Ross, Asst. U.S. Atty., Edgar M. Swindell, Asst. Regional Atty., Dept. of Health & Human Services, Atlanta, Ga., for Federal defendant.

Michael J. Bowers, Atty. Gen., H. Perry Michael, Carol Atha Cosgrove, Mary Foil Russell, Asst. Attys. Gen., for State defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This civil rights action for welfare benefits is before the court on Plaintiffs' motion

for class certification, Plaintiffs' motion for summary judgment, and the motions for summary judgment of both the federal and state Defendants.

Plaintiffs challenge a federal regulation promulgated by the Secretary of the Department of Health and Human Services (the "Secretary") and a corresponding state policy, which together implement changes in the Aid to Families with Dependent Children ("AFDC") program, pursuant to § 2640 of the Deficit Reduction Act of 1984, Public Law 98–369 (July 18, 1984) (codified as 42 U.S.C. § 602(a)(38)) ("DEFRA"). The new regulation attributes benefits received under Title II of the Social Security Act to the AFDC family assistance unit, and considers these benefits in the family's income calculation for AFDC purposes. Under the Secretary's regulation and the corresponding state policy, children who receive Title II Old Age, Survivors, and Disability Insurance ("OASDI") benefits, and who are not on AFDC but who live with a sibling or half-sibling who does receive AFDC, are required to apply for AFDC benefits themselves. If these OASDI recipients refuse to add themselves to the AFDC grant unit, their AFDC recipient siblings or half-siblings will be removed from the AFDC program. Plaintiffs claim this regulation forces independently supported children onto the welfare rolls, and deems their legally restricted OASDI child's benefits available to their needy half-siblings. Plaintiffs assert that Defendants' regulation and policy, by mandating inclusion of all the income of non-AFDC children into a single filing unit if they reside in the same household as AFDC recipients, violates Titles II and IV of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* and §§ 601 *et seq.* Plaintiffs also claim that Defendants' regulation and policy violates constitutional guarantees of due process and equal protection. Plaintiffs seek injunctive and declaratory relief, costs and attorney's fees.

### Motion for Class Certification

Plaintiffs are members of AFDC households in Georgia which have had, or may be threatened with, a denial, reduction or termination of benefits as a result of the challenged regulation and policy. The proposed plaintiff class would consist of two subclasses. The first would be composed of all past, present and future AFDC recipients or applicants in Georgia who have had or may have benefits denied, reduced or terminated due to this regulation and policy. The second subclass would be composed of all past, present and future minors who are recipients of OASDI benefits who have had to or may have to involuntarily apply for AFDC benefits, or leave their AFDC recipient family unit because of Defendant's regulation and policy.

Class certification is regularly granted in cases such as this. *See e.g., Yearby v. Parham,* 415 F.Supp. 1236 (N.D.Ga.1976); *Finch v. Weinberger,* 407 F.Supp. 34 (N.D. Ga.1975). The court finds that certification is appropriate in the present case, as the class and each subclass is so numerous that joinder of all prospective Plaintiffs would be impractical; the named Plaintiffs' claims are typical in that the challenged regulations operate against all potential class members in the same manner; there are questions of law common to the class; and the named Plaintiffs clearly fall within and have consistent interests with the prospective class members, and they constitute adequate class representatives. Therefore, Plaintiffs' motion for certification as a Fed. R.Civ.P. 23(b)(2) class will be granted.

### Motions for Summary Judgment

The facts necessary for a resolution of this matter are not in dispute. Defendant Margaret Heckler is Secretary of the United States Department of Health and Human Services ("HHS"). As Secretary, she is charged with the federal administration and operation of the AFDC program and is responsible for the adoption and implementation of federal policies, rules and regulations which must comply with controlling federal statutes. Defendant James Ledbetter is the Commissioner of the Georgia Department of Human Resources ("DHR"). As Commissioner, he is responsible for the state administration and oper-

ation of the AFDC program and for adopting and implementing AFDC policies, rules and regulations.

The AFDC program is authorized under Title IV–A of the Social Security Act, 42 U.S.C. §§ 601 *et seq.*, and is a cooperative federal/state effort established by Congress to enable each state to furnish financial assistance to certain needy children and the parents or relatives with whom they live. 42 U.S.C. § 602. States are not required to participate in the AFDC program, but those states wishing to participate must submit plans to the HHS for approval. 42 U.S.C. § 602(b). If the plan meets the requirements of Title IV–A and the implementing regulations and is thereby approved, the state becomes eligible for approximately half of the programs funding from the federal government. 42 U.S.C. § 603. The AFDC program is administered locally by the states, in accordance with state and federal regulations promulgated by the Secretary.

Under the AFDC program, funding is provided to dependent children under the age of 18 who live in households where at least one parent is absent or physically or mentally incapacitated. 42 U.S.C. § 606(a)(1). In order to qualify for AFDC benefits, applicants must also meet certain standards of financial need, defined by their income and resources. 42 U.S.C. § 602(a). In order to be eligible for AFDC assistance, the family unit cannot have combined resources in excess of a specific dollar amount. Prior to 1984, there was no question that all co-resident family members need not be included in the family unit for AFDC assistance purposes. A family applying for AFDC assistance could therefore exclude from the filing unit those family members with income that, if counted in the family's net income, would reduce the amount of the family's AFDC benefits.

Effective October 1, 1984, however, the AFDC program was amended by § 2640(a) of the Deficit Reduction Act of 1984. This amendment provides:

> PARENTS AND SIBLINGS OF DEPENDENT CHILD INCLUDED IN AFDC FAMILY; CHILD SUPPORT PAYMENTS
>
> *   *   *   *   *   *
>
> In making the determinations under paragraph (7) with respect to a dependent child and applying paragraph (8), the State agency shall (except as otherwise provided in this part) include—
>
> (a) any parent of such child, and
>
> (b) any brother or sister of such child, if such brother or sister meets the conditions described in clauses (1) and (2) of § 406(a), if such parent, brother or sister is living in the same home as the dependent child, and any income of or available for such parent, brother, or sister shall be included in making such determination and applying such paragraph with respect to the family (notwithstanding § 205(j), [42 U.S.C. § 405(j)] in the case of benefits provided under Title II).

The amendment was codified as 42 U.S.C. § 602(a)(38). Following the enactment of the amendment, the Secretary promulgated an interim final regulation effective October 1, 1984, 45 C.F.R. § 206.10(a)(1)(vii)(B). This regulation states in pertinent part that,

> For AFDC only, in order for the family to be eligible an application with respect to a dependent child must also include, if living in the same household and otherwise eligible for assistance ... Any blood-related or adoptive brother or sister.

Thus, since the 1984 DEFRA amendment to the AFDC program, the Secretary has required local state agencies to consider all income of any siblings or half-siblings residing in the same household as AFDC recipients in making AFDC eligibility determinations. Specifically, state agencies must now consider any and all OASDI benefits received by such siblings or half-siblings when determining the needs of an AFDC family assistance unit. Pursuant to this requirement, the Georgia Division of Family and Children Services, a unit of DHR responsible to and under the direction of Defendant Ledbetter, promulgated Eligi-

bility Services County Letter No. 84–44. This letter requires in pertinent part that

 Beginning October 1, 1984, the needs and income of the parent(s) and all minor siblings, or half-siblings living with the dependent child who applies for or receives AFDC must be included for eligibility determination and benefit calculation. SSI recipients, step-brothers and step-sisters are excluded from this requirement. In other words, an A/R will no longer have the option to voluntarily exclude the needs or income of herself or a child from a grant.

OASDI benefits are provided by Title II of the Social Security Act, 42 U.S.C. §§ 401 to 433. Title II recipients include the minor children of insured individuals who are either retired, disabled or deceased. Section 405(j) of that Title provides that OASDI benefits may be paid to "a relative or some other person" for "the use and benefit" of the Title II recipient. This relative or other person, known as the "representative payee," has fiduciary duties towards the beneficiary, and may only use the OASDI funds for the benefit and use of the beneficiary. 20 C.F.R. § 404.2040(a). Section 408(e) imposes criminal penalties upon representative payees who do not use the funds in the beneficiary's best interest.

Despite these statutory restrictions on the use of OASDI income, the Secretary interprets the DEFRA amendments to require representative payees to include all co-resident children who receive such benefits in the AFDC family assistance filing unit. The Secretary relies for her interpretation on the specific language of the amendment, which provides that the state agency must include "any income" of all co-resident siblings *"notwithstanding* § 205(j) [42 U.S.C. § 405(j)], in the case of benefits provided under Title II" (emphasis added). In her comments to recent interim regulations regarding AFDC assistance, the Secretary stated:

All of the income and resources of the individuals required to be included in the assistance unit must be considered in determining eligibility and payment for the assistance unit. In this connection, the statute specifically provides for the inclusion of Title II benefits, notwithstanding [42 U.S.C. § 405(j)]. When Title II benefits are paid to a representative payee on behalf of a member of the assistance unit and the payee lives in the same household as the assistance unit, the Title II benefits must be counted as income. When the representative payee does not live in the household, the Title II benefits are included only to the extent that the payee makes them available for the support of the beneficiary....

49 Fed.Reg. 35588–89 (September 10, 1984).

Plaintiff Ruby Oliver resides in Atlanta, Georgia with her two minor children, Monica Oliver and Lakeesha Jones. Ms. Oliver and Monica are presently receiving AFDC benefits in a grant for two in the amount of $187 per month; prior to a cost of living adjustment effective July, 1985, the grant was $174 per month. Ms. Oliver's daughter Lakeesha currently receives $191 per month in OASDI child's benefits from her absent disabled father's account. She is not included in Ms. Oliver's AFDC grant unit. In February, 1985, Ms. Oliver was informed by her caseworker at the DeKalb County Department of Family and Children Services (DFCS) that she had to apply for AFDC benefits for Lakeesha and include her in the grant unit, due to the OASDI check Lakeesha was receiving, even though Ms. Oliver did not want to do so. As a result of including Lakeesha in her AFDC grant group, Ms. Oliver's AFDC benefits were reduced to $32 per month. She appealed this decision, without success, and now has an overpayment of $1,025, representing benefits received from February through August, 1985, the months during which her administrative appeal was pending. This sum is now subject to recoupment.

Plaintiff Lottie Roberts lives in Richmond County, Georgia with her two minor children, Albert Bryant and Otis Roberts. Through June, 1985, Ms. Roberts and Otis received AFDC benefits in a grant for two in the amount of $174 per month. Ms.

Roberts' son Albert currently receives $100 per month in OASDI children's benefits from his absent disabled father's account. His check was not included in Ms. Roberts' AFDC grant unit. In April of 1985, Ms. Roberts was informed by Richmond County DFCS that she must apply for AFDC benefits for Albert and include him in the grant unit, due to the OASDI check Albert was receiving, even though Ms. Roberts did not want to do so. As a result of including Albert in her AFDC grant group, Ms. Roberts' benefits were reduced to $123 per month effective July, 1985. Ms. Roberts has been informed that she has been overpaid for benefits received since October, 1984.

Plaintiff Rose Mary Kelley resides in Chatham County, Georgia with her two minor children, Amon Rashon Davis and Tiesha Nakia Nelson. Through April, 1985, Ms. Kelley and her children received AFDC benefits in a grant for three in the amount of $208 per month. In February, 1985, Amon's father died and in April, 1985, Amon became eligible for OASDI survivors benefits in the amount of $224 per month. Ms. Kelley attempted to remove Amon from the AFDC grant group effective May, 1985. In April, 1985, she was informed by Chatham County DFCS that she must continue to apply for AFDC benefits on behalf of Amon and include him in the grant unit, even though Ms. Kelley did not want to do so. As a result of including Amon in her AFDC grant group, Ms. Kelley's benefits were terminated effective May, 1985.

Plaintiff Mary Briscoe resides in Greene County, Georgia with her two minor children, Tanya Briscoe and Marcus Briscoe. Prior to the promulgation of the policies complained of in this action, Ms. Briscoe and Marcus had been receiving AFDC benefits for a grant group of two in the amount of $74 per month. Ms. Briscoe's daughter Tanya currently receives OASDI survivors benefits in the amount of $270 per month, and has received such benefits since her father's death in 1982. Tanya's check was not included in any AFDC grant unit. In February, 1985, Plaintiff Briscoe was informed by Greene County DFCS that she must apply for AFDC benefits on behalf of Tanya and include her in the grant unit, even though she did not want to do so. As a result of including Tanya in her AFDC grant group, Ms. Briscoe's benefits were terminated.

Plaintiffs assert that the Secretary's interpretation of the amended § 602(a)(38) is inconsistent with the language of Titles II and IV, and with her own regulations affecting those Titles. Specifically, Plaintiffs argue that (1) all OASDI recipient children do not necessarily meet the conditions of 42 U.S.C. § 606(a)(1) and therefore cannot automatically be required to apply for AFDC and included in the grant group; (2) OASDI benefits are restricted to use by beneficiaries, and are therefore legally unavailable and non-attributable to their AFDC recipient relatives; and (3) that the Defendants' regulation and policy violates the OASDI recipients' due process and equal protection guarantees.

Having reviewed the parties' arguments, the statutes, and the legislative history thereto, the court concludes that Plaintiffs' arguments are not persuasive. It is well-settled that the construction of a statute by the agency charged with its enforcement is entitled to substantial deference, as long as that construction is reasonable and consistent with the underlying congressional purpose. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *Schweiker v. Hogan,* 457 U.S. 569, 588, 102 S.Ct. 2597, 2609, 73 L.Ed.2d 227 (1982); *Blum v. Bacon,* 457 U.S. 132, 144, 102 S.Ct. 2355, 2363, 72 L.Ed.2d 728 (1982); *Creaton v. Heckler,* 625 F.Supp. 26 (C.D. Cal., 1985). In reviewing an agency's construction of a statute, a court need not find that that construction "is the only reasonable one, or even that it is the result [the court] would have reached had the question arisen in the first instance in judicial proceedings." *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). Absent a "compelling indication" that the agency's

interpretation of the statute is wrong, *Drysdale v. Spirito,* 689 F.2d 252, 261 (1st Cir.1982), or that such interpretation does not further the goals of the legislation, *Zuber v. Allen,* 396 U.S. 168, 192, 90 S.Ct. 314, 327–28, 24 L.Ed.2d 345 (1982), the courts must uphold an agency's statutory construction. *See also Red Lion Broadcasting Co. v. FCC,* 395 U.S. 367, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969).

■ Here, the court concludes that the Secretary's interpretation of 42 U.S.C. § 602(a)(38), and the regulation she has promulgated in accordance therewith, is reasonable and consistent with the language and underlying purpose of the DEFRA, §§ 405(j) and 408(e) of Title II, and the AFDC program. This conclusion is based, above all, on the court's belief that § 2640 of the DEFRA and its legislative history reflect a clear congressional intent to include co-resident children in the AFDC family filing unit, and to include Title II funds as income under § 602(a)(38). As noted above, § 2640 specifically states that all co-resident siblings who receive Title II benefits are to be included in the assistance unit *"notwithstanding"* the provisions of 42 U.S.C. § 405(j). "The specific reference to section [405(j)] clearly indicates that Congress was well aware of the provision of section [405(j)] and its possible inconsistency with section 2640 and by express language indicated how the potential conflict was to be resolved." *Huber v. Blinzinger,* 626 F.Supp. 30, 33 (N.D.Ind. 1985). Moreover, in approving this amendment to § 602(a), the Senate Committee on Finance published the following explanation:

*Present Law*

There is no requirement in present law that parents and all siblings be included in the AFDC filing unit. Families applying for assistance may exclude from the filing unit certain family members who have income which might reduce the family benefit. For example a family might choose to exclude a child who is receiving social security or child support payments, if the payments would reduce

the family's benefits by an amount greater than the amount payable on behalf of the child.

\*     \*     \*     \*     \*     \*

*Explanation of Provision*

The provision approved by the Committee would require states to include in the filing unit the parents and all dependent minor siblings ... living with the child who applies for or receives AFDC.

\*     \*     \*     \*     \*     \*

This change will end the present practice whereby families exclude members with income in order to maximize family benefits, and will ensure that the income of family members who live together and share expenses is recognized and counted as available to the family as a whole.
S.Rep. No. 98–169, Senate Com. on Finance, 98th Cong., 2nd Session, Deficit Reduction Act of 1984, Explanation of Provisions Approved by Committee on March 21, 1984, Vol. 1 at page 980 (Comm.Print 1984).

The court can find no indication either in the statute itself or in the committee report that the Secretary could not properly interpret the "for the use and benefit" language of §§ 405(j) and 408(e) to make available Title II children's benefits for the support and maintenance of both the beneficiary and the AFDC family unit when the Title II beneficiary resides with parents who receive AFDC. As the Ninth Circuit recently recognized, § 602(a)(38)(A)

Specifically provides that in making AFDC eligibility and grant determination for the dependent child, the state must include the dependent child's parent in the assistance unit if the parent lives in the same household as the dependent child. In addition, the state must include "any income of or available for" the parent if the parent lives in the same household as the dependent child....
*Cunningham v. Toan,* 762 F.2d 63, 65 (8th Cir.1985). There is no basis in either the language or history of paragraph (38) to reach a different conclusion with respect to clause (B). Rather, the plain language of the statute indicates that "any brother or

sister" of AFDC recipient children must be included in the AFDC family filing unit if that sibling "is living in the same home" as the AFDC recipient, and that sibling's income must be included in determining the family's AFDC eligibility. *Creaton v. Heckler, supra* 625 F.Supp. at 29–30; *Huber v. Blinzinger, supra,* 626 F.Supp. at 32–33. The challenged regulation, 45 C.F.R. § 206.10(a)(1)(vii), simply effectuates this statutory mandate. The court thus finds that the Secretary's construction of § 602(a)(38) is reasonable and consistent with congressional intent, and must be upheld.

In light of the court's finding that the Secretary's regulation is entirely consistent with Congress' intent, Plaintiffs' statutory arguments must fall. First, Plaintiffs' argument that OASDI children do not meet the conditions of § 606(a)(1) and (2), and therefore cannot automatically be included in the AFDC grant group, is based on a fundamental misunderstanding of the statute. Section 602(a)(38) requires that co-resident siblings who meet the conditions described in clauses (1) and (2) of § 606(a) be included in the assistance unit and their income considered in determining need. Section 606(a) provides that

> The term "dependent child" means a needy child (1) who has been deprived of parental support or care by reason of death, continued absence from the home . . . or physical or mental incapacity of a parent, and who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first cousin, nephew, or niece, in a place of residence maintained by one or more of such relatives as his or their own home, and (2) who is (A) under the age of eighteen. . . .

Minor Title II beneficiaries clearly satisfy the requirement of clause (2). Further, OASDI recipients, by definition, satisfy the categorical requirement of "deprivation of parental support" contained in clause (1): the very reason that these children are receiving Title II social security benefits is because of the death or disability of their fathers. Therefore, Plaintiffs' argument

focuses primarily on the "neediness" requirement of § 606.

The determination of need is made under 42 U.S.C. § 602(a)(7). Paragraph (38), the new family filing unit provision, explicitly states that "in making the determination under paragraph (7)"—i.e., the need determination—the state shall include the income of brothers and sisters living with the AFDC child. In light of the above-quoted legislative history, the court firmly believes that Congress intended by this language to focus the determination of need not on individual family members, but rather on the neediness of the family unit as a whole. Therefore, the court concludes that OASDI beneficiaries under 18 years of age satisfy the requirements of clauses (1) and (2) of § 606(a).

■ Plaintiffs' second statutory argument, that OASDI benefits are restricted and legally unavailable to AFDC siblings, is also untenable in light of the plain language of § 602(a)(38). Plaintiffs assert that the Secretary's regulation subjects representative payees to the criminal penalties of § 408(e) by requiring them to violate their fiduciary duties toward OASDI recipients. However, as discussed *supra,* at 330, the reference in paragraph (38) to § 405(j) clearly indicates that Congress considered the potential effects of the amendment on representative payees and determined to consider Title II benefits in AFDC need calculations *despite* the provisions of § 405(j). *See Huber v. Blinzinger, supra,* 626 F.Supp., at 32–33.

■ Finally, the court finds that Plaintiffs' arguments that § 602(a)(38) violate their equal protection and due process rights are without merit. It is well-established that Social Security and other social welfare legislation must only withstand a minimal level of scrutiny in order to survive equal protection or due process challenges. *See, e.g., Schweiker v. Hogan, supra; Schweiker v. Wilson,* 450 U.S. 221, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981); *Califano v. Jobst,* 434 U.S. 47, 98 S.Ct. 95, 54 L.Ed.2d 228 (1978); *Weinberger v. Salfi,*

422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Courts must uphold classifications created by federal welfare legislation as long as there is a rational basis for the congressional choice, and the classification is not "patently arbitrary." *Califano v. Aznavorian,* 439 U.S. 170, 99 S.Ct. 471, 58 L.Ed.2d 435 (1978); *Flemming v. Neston,* 363 U.S. 603, 611, 80 S.Ct. 1367, 4 L.Ed.2d 1435 *reh'g denied,* 364 U.S. 854, 81 S.Ct. 29, 5 L.Ed.2d 77 (1960). Similarly, regulations promulgated pursuant to such legislation will be upheld if they are rationally related to a legitimate legislative objective. *Weinberger v. Salfi, supra,* at 768–69, 95 S.Ct. at 2468–69; *Creaton v. Heckler, supra,* 625 F.Supp. at 29.

In *Huber v. Blinzinger, supra,* the court addressed the constitutionality of the Secretary's regulation, and noted that

> The underlying purpose of the AFDC program is to provide financial assistance to needy dependent children and the parents or relatives who live with or care for them ... In determining need under the AFDC program, the income and benefits available to the AFDC unit, as a total of the income individuals making up the unit, is of critical importance, for if the needs of the dependent children and family are being met without AFDC assistance, the underlying purpose of the AFDC program is being met. Thus, the inclusion of OASDI benefits received by a member of an AFDC unit in the income of the AFDC unit is certainly rationally related to the underlying goal of the AFDC program.

*Id.* 626 F.Supp. at 33. This court agrees with the above conclusion. Further, the family filing unit concept imposed by § 602(a)(38) is rationally founded on the theory that co-resident minor siblings with a shared custodial parent are likely to use economies of scale and combine resources to meet their basic subsistence needs. Since both AFDC and OASDI are social welfare programs, the consideration of OASDI benefits in determining need under the AFDC program also facilitates the allocation of scarce public funds to those most in need. The court thus concludes that the family filing unit provision, and the regulation promulgated thereto, are rationally related to the legitimate government objective of allocating limited public funds among the most needy individuals.

Because Plaintiffs' statutory and constitutional arguments are untenable, the Secretary's motion for summary judgment will be granted. The court also concludes that summary judgment is appropriate with respect to Defendant Ledbetter. The state policy challenged by Plaintiffs simply effectuates the federal statute and corresponding HHS regulation. Further, Plaintiffs' claims against Ledbetter are essentially identical to those asserted against the Secretary, and must fail for the same reasons.

Accordingly, Defendants' motions for summary judgment are GRANTED; Plaintiffs' motion for summary judgment is DENIED.