Nancy Shaffer, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs October 17, 1984, to Judges WILLIAMS, JR., DOYLE and BARRY, sitting as a panel of three.

*Nancy Shaffer,* petitioner, for herself.

*Jason W. Manne,* Assistant Counsel, for respondent.

PER CURIAM, January 3, 1985:

This appeal, initiated by Nancy Shaffer (petitioner), follows an order of the Department of Public Welfare (DPW) which terminated the Aid to Families with Dependent Children (AFDC) grant to Gena Briceland, daughter of the petitioner.

The facts are undisputed. Gena Briceland, a dependent child, had received public assistance under the AFDC program. Her mother divorced Miss Briceland's father and remarried James Shaffer; neither petitioner nor her husband receive AFDC in their own right. The local County Assistance Office (CAO) terminated Miss Briceland's AFDC grant because her available income exceeded applicable limits. The CAO, when computing Miss Briceland's available income, included her stepfather's income pursuant to Section 432.12(c) of the Public Welfare Code (Code), Act of June 13, 1967, P.L. 31, added by the Act of July 15, 1976, P.L. 933, *as amended,* 62 P.S. §432.12(c). On appeal, DPW affirmed the CAO reasoning that the income of a stepparent living with a dependent child must be included when determining eligibility for AFDC grants. This appeal followed.

Our scope of review of final orders of DPW is limited to a determination of whether the findings of fact are supported by substantial evidence, constitutional rights have been violated, or errors of law have been committed. *Spicer v. Department of Public*

*Welfare,* 58 Pa. Commonwealth Ct. 558, 428 A.2d 1009 (1981).

Petitioner contends that this regulation is unfair and illegal,[1] that her husband, Miss Briceland's stepfather, refuses to pay support and that Miss Briceland's father has not fulfilled his obligation of paying child support since 1981.

DPW argues that Pennsylvania law requires the CAO to include income of a stepfather when computing available income to a dependent child. The law complies with federal law[2] in order to avoid curtailment of federal funds to the Commonwealth's AFDC program.

We must agree with DPW. Section 432.12(c) of the Code states, in pertinent part: "[I]n establishing financial eligibility and the amount of the assistance payment in both the aid to families with dependent children program and the general assistance program . . . [i]ncome of stepparents living in a household shall be considered available to the household by the department." 62 P.S. §432.12(c). This provision requires that a stepparent's income be included when calculating available income to a dependent child. Therefore, the AFDC grant was properly terminated.

For this reason, the order is affirmed.

PER CURIAM ORDER

Now, January 3, 1985, the order of the Department of Public Welfare, dated June 7, 1983, at No. 87172-C, is affirmed.

---

[1] Petitioner, pro se, does not specifically allege deprivation of due process, but respondent, in its brief, construes the allegation of unfairness an illegality to raise such a question and cites *Brown v. Heckler,* Fed. Sup. (1984) (No. 83-4168 E.D. Pa., dated April 26, 1984) for this proposition.

[2] Section 402(a)(31) of the Social Security Act, 42 U.S.C. §602(a)(31).