Diann SHOWERS, on Behalf of herself and her minor children and Lydia Colon, Plaintiffs,

v.

Walter COHEN, Secretary of the Pennsylvania Department of Public Welfare and Otis R. Bowen, M.D., Secretary of the United States Department of Health and Human Services, Defendants.

Civ. A. No. 86–0642.

United States District Court, M.D. Pennsylvania.

Oct. 14, 1986.

Peter Zurflieh, Central Penna. Legal Services, Harrisburg, Pa., Carol J. Coyne, Susquehanna Legal Services, Inc., Sunbury, Pa., Debora Harris, Community Legal Services, Inc., Amy E. Hirsch, Community Legal Services, Inc., Philadelphia, Pa., for plaintiffs.

Joseph S. Sabadish, Dist. Atty. Gen., Andrew S. Gordon, Chief Dist. Atty. Gen., Chief, Litigation Section Office of Atty. Gen., Harrisburg, Pa., for Walter Cohen.

James J. West, U.S. Atty., Harrisburg, Pa., for Otis Bowen.

## MEMORANDUM

RAMBO, District Judge.

*Procedural Background*

This case comes before this court on multiple motions of the parties, all of which can be ruled on at this juncture. On May 20, 1986, plaintiffs Diann Showers and Lydia Colon, on behalf of themselves, their minor children and all other persons similarly situated filed an amended complaint against Walter Cohen, Secretary of the Pennsylvania Department of Public Welfare (DPW), and Otis R. Bowen, M.D., Secretary of the U.S. Department of Health and Human Services (HHS). The complaint challenges the construction of defendants' rules, by which benefits for children under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, are included in determining the AFDC eligibility of their siblings and other household members, thereby reducing or terminating AFDC benefits for the siblings and other household members. Plaintiffs also claim an unconstitutional taking of property without just compensation, violations of the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments and violation of 42 U.S.C. § 1983. Jurisdiction is conferred on this court pursuant to 28 U.S.C. § 1331.

The inclusion of the Title II children in the AFDC group results in a decrease in the financial payment from DPW which according to plaintiffs results in the improper use of the minor plaintiff's Title II benefits by the entire assistance group thus effecting an assignment. Plaintiffs challenge defendants' construction of 42 U.S.C. § 602(a)(38) on the ground that it is prohibited by 42 U.S.C. § 407, which bars assignment of Title II benefits to anyone other than the Title II recipient.

On July 3, 1986, the federal defendant, Bowen, filed a motion to dismiss or alternatively for summary judgment. On July 11, 1986, plaintiffs filed a motion for class certification and shortly thereafter, on August 1, 1986, a motion for preliminary injunction and cross-motion for summary judgment. Finally, the state defendant, Cohen, filed a cross-motion for summary judgment.

*Factual Background*

The facts in this case, which are not in dispute, are as follows. Plaintiff Diann Showers lives in Lebanon County, Pennsylvania, with her three minor children, Langston, David and Tonisha. As a representative payee for David, Ms. Showers currently receives $181.00 per month in Title II benefits paid on the account of his father Willie Moore, a disabled, insured, former wage-earner. Moore is not the father of Langston or Tonisha. Ms. Showers, Langston, David and Tonisha receive an AFDC grant of $363.00 per month plus $50.00 per month in child support for Tonisha which is collected by DPW and paid in addition to the AFDC grant. David's individual expenses total $150.00 per month. Ms. Showers uses the rest of David's Title II benefits to pay his share of the common household expenses, including rent and utilities.

When Lebanon County Assistance Office notified Ms. Showers in November, 1985, that DPW proposed to reduce her AFDC benefits because of the application of the challenged regulations, Ms. Showers filed a timely appeal. DPW has stayed her administrative proceedings pending the outcome of this action. If the challenged regulations were to be applied and David's Title II benefits were counted as income to the four-person filing unit, the monthly AFDC grant would be $270.00 per month.

Plaintiff Lydia Colon lives in Northumberland County, Pennsylvania, with her two minor children, Vincent Vasquez and Wendy Rivera. As representative payee for Vincent, Ms. Colon receives $193.00 per month in Title II benefits for him on the account of his father, Jorge Vasquez, who died as an insured wage-earner. Vasquez is not the father of Wendy.

During the first six months of 1986, Ms. Colon received biweekly unemployment compensation benefits of $108.00. Thereafter, Ms. Colon applied for a supplemental AFDC grant. DPW denied her application on the ground that her unemployment benefits plus Vincent's benefits exceeded $331.00, which is the grant for three persons in Northumberland County. After her unemployment compensation benefits expired, Ms. Colon reapplied for AFDC benefits. Ms. Colon and Wendy currently receive AFDC benefits of $253.00 per month since DPW has agreed not to count Vincent's Title II benefits as income pending the outcome of this action. If the challenged regulations were applied, and Vincent's Title II benefits were counted as income to the three-person filing unit, the monthly AFDC grant would be $138.00 per month.

*Discussion*

█ The issues presented in this case have been addressed by a wide variety of courts. A number of courts have sided with plaintiffs' argument. *See, Frazier v. Pingree,* 612 F.Supp. 345 (M.D.Fla.1985); *Gorrie v. Heckler,* 624 F.Supp. 85 (D.Minn. 1985); *White Horse v. Heckler,* 627 F.Supp. 848 (D.S.D.1985). However, the courts in California, Georgia, Indiana, Michigan and Oregon favor defendants' view. *See, Creaton v. Heckler,* 625 F.Supp. 26 (C.D.Cal. 1985); *Oliver v. Ledbetter,* 624 F.Supp. 325 (N.D.Ga.1985); *Huber v. Blinzinger,* 626 F.Supp 30 (N.D.Ind.1985); *Ardister v. Mansour,* 627 F.Supp. 641 (W.D.Mich. 1986); and *Sherrod v. Hegstrom,* 629 F.Supp. 150 (D.Or.1985). Without reviewing each case individually, the court finds the clear language of the statute and the cases supporting the defendants to be more persuasive.

The AFDC program is explained in *Oliver v. Ledbetter,* 624 F.Supp. 325, 327 (N.D.Ga.1985) as follows:

The AFDC program is authorized under Title IV-A of the Social Security Act, 42 U.S.C. §§ 601, *et seq.,* and is a cooperative federal/state effort established by Congress to enable each state to furnish financial assistance to certain needy children and the parents or relatives with whom they live. 42 U.S.C. § 602 ... Under the AFDC program, funding is provided to dependent children under the age of 18 who live in households where at least one parent is absent or physically or mentally incapacitated. 42 U.S.C. § 606(a)(1). In order to qualify for AFDC benefits, applicants must also meet certain standards of financial need, defined by their income and resources. 42 U.S.C. § 602(a). In order to be eligible for AFDC assistance, the family unit cannot have combined resources in excess of a specific dollar amount. Prior to 1984, there was no question that all co-resident family members need not be included in the family unit for AFDC assistance purposes. A family applying for AFDC assistance could therefore exclude from the filing unit those family members with income that, if counted in the family's net income, would reduce the amount of the family's AFDC benefits.

Effective October 1, 1984, however, the AFDC program was amended by § 2640(a) of the Deficit Reduction Act of 1984. This amendment provides:

PARENTS AND SIBLINGS OF DEPENDENT CHILD INCLUDED IN AFDC FAMILY; CHILD SUPPORT PAYMENTS.

In making the determinations under paragraph (7) with respect to a dependent child and applying paragraph (8), the State agency shall (except as otherwise provided in this part) include—

a) any parent of such child, and

b) any brother or sister of such child, if such brother or sister meets the conditions described in clauses (1) and (2) of § 406(a), if such parent, brother or sister is living in the same home as the dependent child, and any income of or available for such parent, brother, or sister shall be included in making such determination and applying such paragraph with respect to the family (notwithstanding § 205(j), [42 U.S.C.

§ 405(j) ] in the case of benefits provided under Title II.

The amendment was codified as 42 U.S.C. § 602(a)(38). Following the enactment of the amendment, the Secretary promulgated an interim final regulation effective October 1, 1984, 45 C.F.R. § 206.10(a)(1)(vii)(B). This regulation states in pertinent part that,

> For AFDC only, in order for the family to be eligible an application with respect to a dependent child must also include, if living in the same household and otherwise eligible for assistance ... Any Blood-related or adoptive brother or sister.

Therefore, pursuant to the Deficit Reduction Act of 1984, the Secretary has required all income of siblings and half-siblings residing in the same household as AFDC recipients to be included and considered as available to the entire household when local state agencies make AFDC eligibility determinations. However, plaintiffs rely on the statutory restrictions on the use of Title II benefits found in 42 U.S.C. §§ 405 and 408. Section 405(j) provides that benefits may be paid to a representative payee, who then has fiduciary duties towards the beneficiary to use the funds for the use and benefit of the beneficiary. Section 408(e) provides criminal sanctions in the case of a representative payee "having made application to receive payment under this title for the use of and benefit of another and having received such a payment, knowingly and wilfully converts such a payment, or any part thereof, to a use other than for the use and benefit of such other person."

However, the language of the Deficit Reduction Act as codified in 42 U.S.C. § 602(a)(38), see above, states the new rule "notwithstanding 205(j) [42 U.S.C. § 405(j) ]. Thus, the court is left to decide whether Congress intended to alter the provisions of the Title II benefits legislation by enacting the Deficit Reduction Act of 1984. If not, the HHS regulations adopted in reliance upon that interpretation would be invalid. As stated by Judge Enslen in

*Ardister v. Mansour,* 627 F.Supp. 641 (W.D.Mich.1986),

> If the § 405(j) language of that provision does not mean what the HHS says it means, then I confess that I am at a complete loss to explain its purpose.... In this particular case, § 602(a)(38) can only mean one thing. Congress, in its wisdom, has decided that in the interests of deficit cutting and social welfare program management, Title II payments to a child beneficiary must be deemed available for the common use of the other members of his or her household unit.

This court agrees with this interpretation.

Plaintiffs contend that: (1) defendants' regulations are irrational by imposing inconsistent legal obligations on AFDC caretakers who are also representative payees for Title II benefits; (2) Title II payments constitute an entitlement to their recipients which cannot be confiscated; and (3) defendants' regulations violate their equal protection rights by creating two classes of Title II recipients, those who live with needy siblings and those who do not.

■ In light of the previous discussion, because defendants' construction of the AFDC statute does not violate the Social Security Act, the plaintiffs' alleged inconsistent legal obligations do not exist. Secondly, plaintiffs' claims of deprivation of property lack merit because defendants' regulations do not operate to limit or stop their receipt of Title II benefits. Third, plaintiffs' allegations of due process and equal protection violations present no valid claim. The proper standard for judicial review of due process and equal protection challenges to social welfare laws is minimal scrutiny [whether the law is rationally related to a legitimate government interest]. *Califano v. Aznavorian,* 439 U.S. 170, 174, 99 S.Ct. 471, 473, 58 L.Ed.2d 435 (1978); *Weinberger v. Salfi,* 422 U.S. 749, 772, 95 S.Ct. 2457, 2470, 45 L.Ed.2d 522 (1975).

■ In this case, Congress enacted changes in the AFDC program to prevent the AFDC applicants from excluding from the filing unit individuals with income who

were living with and sharing expenses with the members of the filing unit. This measure is rationally related to the legitimate government interest in implementing the Deficit Reduction Act of 1984 and limiting scarce public funds to those most in need. *Califano v. Boles*, 443 U.S. 282, 296, 99 S.Ct. 2767, 2775, 61 L.Ed.2d 541 (1979); *Schweiker v. Hogan*, 457 U.S. 569, 590, 102 S.Ct. 2597, 2609, 73 L.Ed.2d 227 (1982). As the Michigan court said, "this particular legislation is rationally related to the cognizable goals dealing with budgetary constraints and responsibly allocating limited social welfare funds." *Ardister v. Mansour*, 627 F.Supp. 641, 645 (W.D.Mich.1986).

The prerequisites for granting a preliminary injunction are that the (1) movant must make a strong showing that she is likely to prevail on the merits; (2) movant must show that, without such relief, she would be irreparably injured; (3) movant must show that the grant or denial of preliminary injunction substantially has harmed other parties interested in, or affected by, the proceedings; and (4) movant must show where the public interest lies. *Klitzman, Klitzman and Gallagher v. Krut*, 744 F.2d 955, 959 (3d Cir.1984). As to the first requirement, in light of the preceding discussion, the plaintiffs have not made a strong showing that they are likely to prevail on the merits. Therefore, plaintiffs' motion to grant a preliminary injunction will be denied.

Because plaintiffs' statutory arguments are untenable, defendant Bowen's motion for summary judgment will be granted. The court also concludes that summary judgment is appropriate with respect to defendant Cohen, because the state regulation simply effectuates the federal statute and HHS regulation. Further, the claims against defendant Cohen are virtually identical to the claims against defendant Bowen and must fail for the same reasons.

Accordingly, defendants Bowen's and Cohen's Motions for Summary Judgment will be granted and plaintiffs' Motions for Summary Judgment and motion for class certification will be denied.