556 A.2d 538

Beverly Lewis, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 10, 1989, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Peggy Hooker,* for petitioner.

*Jason W. Manne,* Assistant Counsel, with him, *Jeffrey P. Schmoyer,* Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, March 31, 1989:

Beverly Lewis (petitioner) petitions for review of an order of the Pennsylvania Department of Public Welfare (Department). We affirm.

The petitioner had been receiving Aid to Families with Dependent Children (AFDC) in the amount of $384

per month for herself and two minor children. She also had a son, under fourteen years of age, living in the household, whose father was deceased. This child was receiving $400 per month as social security benefits. The income of this child was not included in determining the AFDC grant.

The Department now seeks to include him in the AFDC grant unit, thereby reducing the family's AFDC grant to $29.00 per month. The petitioner challenges the Department's rules by which benefits for children under Title II of the Social Security Act, 42 U.S.C. §602(a)(38) are included in determining the AFDC eligibility, on the grounds that section 407 of the Social Security Act bars assignment of Title II benefits to anyone other than the Title II recipient. Petitioner asserts that under section 432.12 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, added by the Act of July 15, 1976, P.L. 933, *as amended*, 62 P.S. §432.12, the need for aid to families with dependent children shall not include the income of a child under fourteen years of age.

In *Showers v. Cohen*, 645 F. Supp. 217 (M.D. Pa. 1986), the court explained the AFDC program as follows:

> The AFDC program is authorized under Title IV-A of the Social Security Act, 42 U.S.C §§601, et seq., and is a cooperative federal/state effort established by Congress to enable each state to furnish financial assistance to certain needy children and the parents or relatives with whom they live. 42 U.S.C. §602 ... Under the AFDC program, funding is provided to dependent children under the age of 18 who live in households where at least one parent is absent or physically or mentally incapacitated. 42 U.S.C. §606(a)(1). In order to qualify for AFDC benefits, applicants must also meet certain standards of financial need, defined

by their income and resources. 42 U.S.C. §602(a). In order to be eligible for AFDC assistance, the family unit cannot have combined resources in excess of a specific dollar amount. Prior to 1984, there was no question that all resident family members need not be included in the family unit for AFDC assistance purposes. A family applying for AFDC assistance could therefore exclude from the filing unit those family members with income that, if counted in the family's net income, would reduce the amount of the family's AFDC benefits.

Effective October 1, 1984, however, the AFDC program was amended by §2640(a) of the Deficit Reduction Act of 1984. This amendment provides:

PARENTS AND SIBLINGS OF DEPENDENT CHILD INCLUDED IN AFDC FAMILY; CHILD SUPPORT PAYMENTS.
In making the determinations under paragraph (7) with respect to a dependent child and applying paragraph (8), the State agency shall (except as otherwise provided in this part) include—

a) any parent of such child, and

b) any brother or sister of such child, if such brother or sister meets the conditions described in clauses (1) and (2) of §406(a), if such parent, brother or sister is living in the same home as the dependent child, and any income of or available for such parent, brother, or sister shall be included in making such determination and applying such paragraph with respect to the family (notwithstanding §205(j)), [42 U.S.C. §405(j)] in the case of benefits provided under Title II.
The amendment was codified as 42 U.S.C. §602(a)(38). Following the enactment of the

amendment, the Secretary promulgated an interim final regulation effective October 1, 1984, 45 C.F.R. §206.10(a)(1)(vii)(B). This regulation states in pertinent part that,

For AFDC only, in order for the family to be eligible an application with respect to a dependent child must also include, if living in the same household and otherwise eligible for assistance ... Any Blood-related or adoptive brother or sister.

Therefore, pursuant to the Deficit Reduction Act of 1984, the Secretary has required all income of siblings and half-siblings residing in the same household as AFDC recipients to be included and considered as available to the entire household when local state agencies make AFDC eligibility determinations. However, plaintiffs rely on the statutory restrictions on the use of Title II benefits found in 42 U.S.C. §§405 and 408. Section 405(j) provides that benefits may be paid to representative payee, who then has fiduciary duties towards the beneficiary to use the funds for the use and benefit of the beneficiary. Section 408(e) provides criminal sanctions in the case of a representative payee 'having made application to receive payment under this title for the use of and benefit of another and having received such a payment, knowingly and willfully converts such a payment, or any part thereof, to use other than for the use and benefit of such other person.'

Thus, the court said in *Showers*, "Congress, in its wisdom, has decided that in the interests of deficit cutting and social welfare program management, Title II payments to a child beneficiary must be deemed available for the common use of the other members of his or her household unit." *Showers*, 645 F. Supp. at 220. "... This

measure is rationally related to the legitimate government interest in implementing the Deficit Reduction Act of 1984 and limiting scarce public funds to those most needed." *Showers*, 645 F. Supp. at 221.

The Commonwealth of Pennsylvania participates on a matching fund basis in the federal AFDC program established by the Social Security Act. By participating in the AFDC program the Commonwealth has agreed to administer its state program in accordance with the provisions of the Social Security Act and regulations of the Department of Health, Education and Welfare (HEW). The Secretary of HEW has exercised this power of control over the state AFDC programs by promulgating guidelines which restrict the control that the participating states have over the administration of local AFDC programs. *Molyneaux v. Department of Public Welfare*, 44 Pa. Commonwealth Ct. 111, 403 A.2d 634 (1979).

Thus, the Amended Deficit Reduction Act and the Federal regulations promulgated pursuant thereto preclude the application of section 432.12 of the Public Welfare Code, 62 P.S. §432.12. The federal regulations clearly require the consideration of the son's income to be available to the needy family. To hold, as petitioner contends, that the son's income should be applied to the family, but that he should not be deprived of the income, would defeat the purpose of the Amended Deficit Reduction Act.

### ORDER

NOW, March 31, 1989, the order of the Department of Public Welfare, at No. 65-0088347, is affirmed.