562 A.2d 1033

**Irma J. SPRINGER, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 1, 1989.

Decided Aug. 21, 1989.

Petition for Allowance of Appeal Denied March 28, 1990.

Peggy Hooker, Laurel Legal Services, Inc., Greensburg, for petitioner.

Jason W. Manne, Harrisburg, for respondent.

Before CRAIG and SMITH, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Irma J. Springer (Petitioner) appeals an order of the Secretary of the Department of Public Welfare (Respondent) denying Petitioner's request for reconsideration and affirming the order of the Office of Hearings and Appeals

which found that Petitioner's minor son was a mandatory member of her filing unit pursuant to Section 432.12 of the Public Welfare Code.[1] This Court reverses and remands.

The issues presented for appeal are whether the inclusion of Ryan Springer in the filing unit was required by 42 U.S.C. § 602(a)(38) and whether Respondent erred in failing to treat Ryan's social security benefits as it would treat child support payments made by the child's father.[2]

■ Petitioner, a recipient of Aid to Families with Dependent Children (AFDC)[3], lives in a household with her two minor children. Petitioner's minor son, Ryan Springer, receives social security benefits of $249.70 per month on account of his retired father. In May of 1988, Petitioner was advised that Ryan Springer was henceforth to be included in her AFDC filing unit in accordance with the Deficit Reduction Act of 1984 which had revised Section 402(a)(38) of the Social Security Act, 42 U.S.C. § 602(a)(38). Pursuant to the revisions, all co-residents of a household were to be included in the family unit for AFDC assistance purposes and the income of all siblings and half-siblings residing in the same household as AFDC recipients was to be included and considered available to the entire family. *See Lewis v. Department of Public Welfare*, 124 Pa.Commonwealth Ct. 535, 556 A.2d 538 (1989).

Respondent incorporated these changes into the state regulatory scheme through the issuance of temporary regulations to the Department of Public Welfare's Public Assist-

1. Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. § 432.12.
2. This Court's scope of review of final orders of the Department of Public Welfare is limited to a determination of whether findings of facts are supported by substantial evidence, constitutional rights have been violated, or errors of law have been committed. *Shaffer v. Department of Public Welfare*, 86 Pa.Commonwealth Ct. 588, 485 A.2d 896 (1985).
3. AFDC is a cooperative federal/state effort established by Congress to enable each state to furnish financial assistance to needy children and the parents and relatives with whom they live. *Oliver v. Ledbetter*, 624 F.Supp. 325 (N.D.Ga.1985).

ance Eligibility Manual (PAEM).[4] The effect of the inclusion of Ryan in the filing unit and the addition of his income to the household was a reduction in Petitioner's benefits.

The language in 42 U.S.C. § 602(a)(38) clearly states that brothers or sisters in the same home must be included in the filing unit and that their income shall be considered in the determination of need by the agency. This income includes social security benefits. *Showers v. Cohen,* 645 F.Supp. 217 (M.D.Pa.1986). As noted by the Court in *Showers,* "Congress, in its wisdom, has decided that in the interests of deficit cutting and social welfare program management, Title II payments to a child beneficiary must be deemed available for the common use of the other members of his or her household unit." *Id.* at 220. This Court finds that Respondent's ruling in this regard was correct.

■ Petitioner next argues that even if Ryan's income was properly counted by Respondent, his social security benefits should have been treated as child support and as such the fifty dollar child support disregard provision of 42 U.S.C. § 602(a)(8)(A)(vi)[5] should be applied. The federal regulations are silent as to this provision's applicability to social security benefits and Respondent has opted not to treat them as child support (thus subject to the fifty dollar disregard provision) but has instead offset social security benefits received dollar for dollar against the household's AFDC grant amount.

Petitioner contends that Ryan's social security benefits should be treated as child support received from his father arguing that child support payments should include "any support payment made by or for an absent parent for the use and benefit of the 'dependent child.'" *Todd v. Norman,* 840 F.2d 608, 613 (8th Cir.1988) (Lay, J., dissenting). In the instant case, a temporary zero ($0.00) support order

4. Section 171.21(b)(1)(i)(C)(IV) and (V) of the Public Assistance Eligibility Manual (PAEM), 18 Pa.B. 3921 (1988).

5. Section 602(a)(8)(A)(vi) provides that in determining need, the State shall disregard the first $50 of any child support payments received in a month.

had been entered by the Westmoreland County Court of Common Pleas with directions to Ryan's father to seek employment. Subsequently, the father reached retirement age and the child began to receive social security retirement benefits. Petitioner argues that although the use of social security benefits as child support may be a different manner of payment, the nature of the funds is the same.[6]

This Court is persuaded by the rationale set forth by the Court in *Carter v. Bowen*, No. 86–0398–R (E.D.Va.1987), *affirmed sub nom., Stroop v. Bowen*, 870 F.2d 969 (4th Cir.1989), wherein the United States District Court stated:

> It is contradictory to treat Social Security benefits like child support for the purpose of including them in family income and then in another part of the same statute treat them differently from child support payments for the purpose of excluding a family from a potential $50 rebate. Although DEFRA was designed to reduce government spending, the law does not empower the Secretary to make self-serving irrational distinctions. A family's eligibility for the $50 remittance should not turn upon the absent father's ability to work. For example, the law should not allow a family to receive the $50 rebate when a child is supported by a working father, but deny that family the rebate when the father becomes disabled and must provide the support indirectly through Social Security benefits. There is no apparent rational justification for such a distinction. (citations omitted).

This Court likewise sees no reason to distinguish the benefits provided to a child through child support payments from those provided by social security benefits, be they disability or retirement benefits. Had there been an order of support in place at the time of the father's retirement, he more than likely would have received a credit on his child

6. Respondent does not address this issue claiming that Petitioner failed to preserve it for review. Insofar as the order in question held that Ryan's social security benefits could not be considered child support and Respondent did not treat the benefits as support subject to the $50 disregard provision, this Court finds that it may properly be addressed. *See Emerick v. Department of Public Welfare,* 47 Pa.Commonwealth Ct. 285, 407 A.2d 1378 (1979).

support for any social security benefits paid. *Children &
Youth Services v. Chorgo,* 341 Pa.Superior Ct. 512, 491
A.2d 1374 (1985).

Although considerable deference is usually given to the
agency's construction of the statute it administers, this
Court can find no apparent rational justification for Respon-
dent's interpretation of 42 U.S.C. § 602(a)(8)(A)(vi). *Ford
Motor Credit Company v. Milhollin,* 444 U.S. 555, 100
S.Ct. 790, 63 L.Ed.2d 22 (1980).

Accordingly, the order of the Secretary of the Depart-
ment of Public Welfare is reversed. This case is remanded
to the Department of Public Welfare for recalculation of
Petitioner's benefits in accordance with this decision.

### ORDER

AND NOW, this 21st day of August, 1989, the order of
the Secretary of the Department of Public Welfare is re-
versed. This case is remanded to the Department of Public
Welfare for recalculation of Petitioner's benefits in accord-
ance with this decision.