# Loven v. Loven

*James R. Irwin,* for plaintiff.
*Mary Ann Kirkpatrick,* for defendant.

MILLER, *P.J.,* April 19, 1991—We must resolve three issues in this child support case. The first is how Social Security disability payments affect the income of the parties for support purposes. The second issue is whether the father is entitled to a credit for Social Security disability payments made to the children on account of his disability. The third issue is whether or not there should be some reduction in the amount defendant owes for support in view of the amount of time the children spend with him, all as contemplated by Pa.R.C.P. 1910.16-5(i).

## FACTS

Plaintiff receives a monthly net income of $991 from her employment to which she is willing to add an additional $239 that she receives for the support of her oldest child from the father of that child. Therefore, her income for support calculation purposes is $1,230 per month.

Defendant is totally disabled. His monthly income is $700 from Social Security Disability, $345 from worker's compensation and $545 from a pension yielding a total monthly net income of $1,590.

Plaintiff receives an additional $364 per month for the two children she had with defendant because of defendant's disability (as well as the fact that the children are minors and she has them in her custody for some of the time).

Plaintiff has monthly child care expenses for periods of time when she is working and the children are with her. Defendant maintains that since he is disabled and wants to see his children as much as he can that child care expense is not necessary and he should have the children at no expense to plaintiff. The parties did enter into a custody agreement, which later became a court order at 1989-898 on March 5, 1990. That agreement/order provides, inter alia, that if the parent having custody cannot watch the children personally he or she must first offer to the other the opportunity to see the children and if the latter declines, then the former must pay for child care expenses. Although that does not directly address the issue raised here, it does by inference resolve it.

Under the same custody order the primary custodian is plaintiff with the defendant having the children for 109 hours every two weeks plus rather

"standard" periods and other occasions such as the normal holiday schedule and four weeks in the summer.

## DISCUSSION

How should we handle the Social Security disability payments made to plaintiff because she has defendant's children and because defendant is disabled? Should it be considered as part of the earning capacity of defendant whose disability it is that results in the payments in the first place? Should it be considered as part of the earning capacity of plaintiff who is receiving it? Should that payment not be considered as part of the earning capacity of either party? Regardless of how it is treated as income, if at all, should the amount of the disability payment be deducted from any amount defendant owes for the support of his two minor children?

Plaintiff maintains that the disability payment should be considered part of her income since she is receiving it and that there be no deduction from, or credit given to, the resulting guideline amount that defendant owes for the two children. She bases her position on an opinion of Judge Robert L. Walker of this court, entered in *Trace v. Trace* at D.R. 1988-644.

We now respectfully disagree with the *Trace* opinion. In *Children & Youth Service of Allegheny County v. Chorgo,* 341 Pa. Super. 512, 491 A.2d 1374 (1985), the Superior Court held "that credit should be given for Social Security payments made directly to the child when the obligor's employment occasioned the benefits" so that "the amount of child support directly payable . . . should be reduced by the amount of the Social Security benefits." See also, *Springer v. Department of Public*

*Welfare*, 128 Pa. Commw. 166, 562 A.2d 1033, *alloc. denied*, 575 A.2d 120 (1989), and *Commonwealth v. Vogelsong*, 311 Pa. Super. 507, 457 A.2d 1297 (1983). An excellent article on this subject appears at 77 ALR 3d 1315.

Adding the amount of the disability payments to the plaintiff's income for support calculation purposes, as Judge Walker did in *Trace*, does not fully satisfy the *Chorgo* mandate. Thus we will deduct the amount of the Social Security benefits payable to plaintiff for the children on account of defendant's disability from the amount of support defendant is ultimately obligated to pay.

Before that point is reached, however, we must initially determine and find the monthly net income of the parents. "Social Security payments for disability are intended to replace income lost because of disability." *Commonwealth v. Vogelsong, supra.* Those payments do constitute "income" under the support law and the support guidelines, 23 Pa.C.S. §4302 and Pa.R.C.P. 1910.16-5(b).

Should the disability payments be considered as income to one of the parties? If so, which party?

Those payments are not part of plaintiff's income because she did nothing to generate the payment. She simply gets the payment because she has the children. The payment does not replace her earning capacity or income, she did nothing to generate the fund, and contributions to the fund were not made by her during her period of employment.

We think it is legally required, as well as quite logical, that the disability payments be considered as part of the earning capacity or income of defendant since the payments are made to replace his income and since he apparently made contributions during his employment that created the entitlement

in the first place and upon which the amount now being paid was calculated.

We therefore find that defendant's monthly net income, for support purposes, is $1,954 and plaintiff's net monthly income for the same purposes is $1,230. That results in a guideline support amount of $550 less the amount of the Social Security disability payments of $364 resulting in a net balance of $186 due from defendant subject to any additional calculations.

Plaintiff claims child care expenses from defendant. She is clearly not obligated to incur those child care expenses because by her own agreement, which became a court order, she has the ability to ask defendant to take care of the children during that period of time, at no cost. She also agreed that if defendant is unwilling to take care of the children during that period of time (which is not the case here) she will pay child care expenses. If she has agreed to pay child care expenses under those circumstances then she certainly should pay child care expenses when she does not even ask defendant to take care of the children.

Normally we would consider child care expenses (Pa.R.C.P. 1910.16-5(h)), but not in this case in view of the custody order based upon the express agreement of the parties.

The third issue centers around whether there should be a further deduction from the amount defendant owes because of the amount of time he has the children. A parent's support obligation must be reduced or modified when that parent "spends an unusual amount of time with" his children.

Counsel for defendant maintains that defendant does spend more than the "usual" or "standard" amount of time with his children. She would like us to go further to set some guidelines on how we

would apply Pa.R.C.P. 1910.16-5(1). We will not do that because each case should be viewed on its own, there may not be a "standard" custody arrangement and if there is it is always subject to change.

In this case defendant does spend more time per month with his children than a father who has custody for two or three weekends per month. Defendant here has alternating long and short weekends. During the short weekends he has custody for only 33 hours, or less than one might think is normal. On the long weekends, however, he has the children for 76 hours which is longer than one might think is normal. Weekends start on Thursday mornings under the custody agreement and order.

The holiday visitations do not seem to be extended or "unusual" if in fact there is a "usual" standard.

Defendant's visitation rights in the summer seem usual. We might have said that, a few years ago, the "usual" summer visitation for the non-custodial parent would be for one or two weeks to allow the non-custodial parent to take the children on that parent's summer vacation. Lately summer visitations in the non-custodial parent have expanded, both by agreement and court order, to upwards of a month and sometimes longer.

We do not think that defendant "spends an unusual amount of time" with his children (although it is close) so as to invoke a different method of calculating his support obligation. It appears that the children spend about 40 percent of their time with their father.*

---

* 109 hours every two weeks times 26 equals 2,834 hours, plus four summer weeks at 672 hours equals 3,506 hours, out of a total 8,760 per year. No calculations were made for birthdays and holidays, either in this case or by comparison of this case with the amount of time a father spends in the

The calculation of support is not an exact science. We think, however, that a father that has his children 40 percent of the time should not pay the full amount of the guideline support obligation. We therefore reduce the amount defendant owes plaintiff by 10 percent which by some strange coincidence results in a support payment of $131 per month, almost exactly the amount that the hearing officer arrived at by other means. The calculation we have used to arrive at this is as follows:

| | |
|---|---|
| Defendant's initial support obligation | $550 |
| Less credit for Social Security disability payments | $364 |
| Subtotal | $186 |
| Less 10 percent deviation since defendant has children for approximately 40 percent of the time | $ 55 |
| *Net balance due per month* | $131 |

Since this amount is nearly the same as the hearing officer determined we will not change the amount of support defendant is obligated to pay although we have made different findings of fact and come to different conclusions of law.

## ORDER

And now, April 19, 1991, it is ordered and directed as follows:

(1) The recommendations of the hearing officer made January 22, 1991 are affirmed in all respects without change and defendant shall continue to be obligated to pay $132 per month for the support of his minor children, Hope and Russell, which said

"usual" case. Those would naturally increase the amount of time the father has. .

payments shall be over and above the Social Security disability payments being paid for the benefit of the children.

(2) To the extent that the findings of fact and conclusions of law set forth in this memorandum differ from the findings of fact and conclusions of law reached by the hearing officer the findings and conclusions set forth in this memorandum shall prevail and apply.

(3) This order is based upon plaintiff's average net income of $1,230 per month and defendant's average net income of $1,954 per month.