Patricia SUTTON, Plaintiff-Respondent,

v.

**MISSOURI DEPARTMENT OF SOCIAL SERVICES, Defendant-Appellant.**

No. 14852.

Missouri Court of Appeals,
Southern District,
Division Two.

July 20, 1987.

Ofelia Manalang, Jefferson City, for defendant-appellant.

Terry Daley Schwartze, Rolla, for plaintiff-respondent.

FLANIGAN, Judge.

In May 1984 respondent Patricia S. Sutton began receiving Aid to Families with Dependent Children (AFDC), § 208.040,[1] et. seq., on behalf of a four-person "assistance group" or "filing unit," consisting of respondent herself and her three daughters, Charissa, 9, Kimberly, 6, and Angela, 1, all living in the same home. Angela is a half-sister of Charissa and Kimberly.

On September 29, 1985, Angela's father died and, by reason of and upon his death, Angela began receiving a monthly insurance benefit of $377.10 under 42 U.S.C. § 402(d). This benefit increased to $388.70 in December 1985. Such benefits are sometimes referred to as "Old-Age Survivor's & Disability Insurance" benefits, (OASDI), or "Title II" benefits.

The Division of Family Services of the Department of Social Services, ("the Division"), entered an order discontinuing respondent's AFDC benefits because the filing unit's monthly income, consisting of Angela's Title II benefits of $388.70, exceeded the "$320 four-person AFDC percentage of need expense standard." The order, entered after notice and evidentiary hearing, was prompted by Angela's receipt of the Title II benefits.

Sutton appealed to the Circuit Court of Pulaski County and that court reversed the decision of the Division and reinstated her AFDC benefits. The Division appeals.

This court, in reviewing this contested administrative case, reviews the decision of the agency, not the judgment of the trial court. *Fleming Foods of Missouri, Inc. v. Runyan*, 634 S.W.2d 183, 184 (Mo. banc 1982); § 208.100.5; § 208.110. The scope of judicial review may extend to a determination of whether the action of the agency is, among other things, in excess of the statutory authority or jurisdiction of the agency, is unsupported by competent and substantial evidence upon the whole record, or is, for any other reason, unauthorized by law. *Pummill v. Missouri Div. of Family Services*, 674 S.W.2d 647, 648[2] (Mo.App.1984); § 536.140.2.

It is the position of the Division that the Deficit Reduction Act of 1984, 98 Stat. 494, and federal regulations implementing that Act insofar as it affects AFDC benefits, are binding upon the Division, § 208.190, and justified the order discontinuing respondent's AFDC benefits. Respondent concedes, with commendable candor, that the evidence is not insufficient to support the decision of the Division. Respondent seeks to challenge the Division's action on the grounds that it was based upon an improper construction of the Deficit Reduction Act and that it violated Angela's due process rights under the Fifth Amendment.

As part of its effort to reduce the federal deficit through the Deficit Reduction Act of 1984, Congress amended § 402(a)(38) of the Social Security Act, 42 U.S.C. § 602(a)(38) (1982 ed. Supp. III) to read, in pertinent part:

"A State plan for aid and services to needy families with children must—

.    .    .    .    .

(38) provide that in making the determination under paragraph (7) with respect to a dependent child and applying paragraph (8), the State agency shall (except as otherwise provided in this part) include—

(A) any parent of such child, and

(B) any brother or sister of such child, if such brother or sister meets the conditions described in clauses (1) and (2) of section 606(a) of this title, if such parent, brother, or sister is living in the same home as the dependent child, and any income of or available for such parent, brother, or sister shall be included in making such determination and applying such paragraph with respect to the family (notwithstanding section 405(j) of this title, in the case of benefits provided under subchapter II of this chapter) ..."

1. Unless otherwise indicated, all references to statutes are to RSMo, 1986, V.A.M.S.

42 U.S.C. § 606(a) reads, in pertinent part:

"The term 'dependent child' means a needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home ... or physical or mental incapacity of a parent, and who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first cousin, nephew, or niece, in a place of residence maintained by one or more of such relatives as his or their own home, and (2) who is (A) under the age of eighteen, or (B) ..."

In *Bowen v. Gilliard*, —— U.S. ——, 107 S.Ct. 3008, 97 L.Ed.2d 485 (1986), the Court upheld the constitutionality of the amended form of 42 U.S.C. § 602(a)(38), which, in effect, requires "that a family's eligibility for [AFDC] benefits must take into account, with certain specified exceptions, the income of all parents, brothers and sisters living in the same home." *Bowen v. Gilliard*, supra, at 3011. The principal issue in *Bowen v. Gilliard* was whether that requirement "violates the Fifth Amendment to the United States Constitution when it is applied to require a family wishing to receive AFDC benefits to include within its unit a child for whom child support payments are being made by a noncustodial parent." *Bowen v. Gilliard*, at p. 3011. The court held there was no such violation.

There is a factual difference between *Bowen v. Gilliard* and the case at bar, in that Angela's monthly income of $388.70 is in the form of Title II benefits and the income of the child in *Bowen v. Gilliard*, which adversely affected the filing unit's AFDC income, was in the form of child support from her living father. This difference, however, is an immaterial one. In *Gorrie v. Bowen*, 809 F.2d 508 (8th Cir. 1987), cited with approval in *Bowen v. Gilliard*, p. 3013, fn. 5, the court said, at p. 516:

"The statute [42 U.S.C. § 602(a)(38)] and its legislative history indicate that Congress intended that all coresident siblings of a dependent child applying for AFDC and their income, including Title II Social Security benefits and child support, should be counted in determining need and thus eligibility for AFDC assistance."

Other cases holding that Title II benefits are accorded the same treatment as child support in determining entitlement to AFDC benefits include *Showers v. Cohen*, 645 F.Supp. 217 (M.D.Pa.1986); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D.Mich. 1986); *Huber v. Blinzinger*, 626 F.Supp. 30 (N.D.Ind.1985); *Creaton v. Heckler*, 625 F.Supp. 26 (C.D.Cal.1985); *Oliver v. Ledbetter*, 624 F.Supp. 325 (N.D.Ga.1985); *Park v. Coler*, 143 Ill.App.3d 727, 97 Ill. Dec. 648, 493 N.E.2d 130 (1986); *Walker v. Karpan*, 726 P.2d 82 (Wyo.1986).

In *Bowen v. Gilliard*, supra, the Court pointed out that the AFDC program, based on a scheme of cooperative federalism, was established by Title IV of the Social Security Act of 1935 to provide financial assistance to needy dependent children and the parents or relatives who live with and care for them. The federal program reimburses each State which chooses to participate with a percentage of the funds it expends. In return the State must administer its assistance program pursuant to a state plan that conforms to applicable federal statutes and regulations.

Prior to 1984 there was no federal requirement that all parents and siblings be included in an AFDC filing unit. If a teenage child had significant income of her own, perhaps from wages or from support payments from an absent parent, the other members of her family could exclude her from the filing unit in order to avoid disqualifying the entire family from AFDC benefits or reducing its level of benefits.

The Deficit Reduction Act of 1984 forced families to include in the filing unit children for whom support payments were being received and its practical effect was that many families' total income was reduced. The burden of the change was mitigated somewhat by a separate amendment providing that the first $50 of child support collected by the State must be remitted to

the family and not counted as income for the purpose of determining its benefit level. See 42 U.S.C. § 602(a)(8)(A)(vi) (1982 ed. Supp. III); 42 U.S.C. § 657(b)(1) (1982 ed. Supp. III).[2]

In *Bowen v. Gilliard*, the court said at p. 3013:

"Thus, the net effect of the 1984 Amendments for a family comparable to Gilliard's would include three changes: (1) the addition of the child receiving support would enlarge the filing unit and entitle the family to a somewhat larger benefit; (2) child support would be treated as family income and would be assigned to the State, thereby reducing the AFDC benefits by that amount; and (3) the reduction would be offset by $50 if that amount was collected from an absent parent. In sum, if the assigned support exceeded $50 plus the difference in the benefit level caused by adding the child or children receiving support, the family would suffer; if less than $50 and the difference in the benefit level was collected as support, it would not."

In *Bowen v. Gilliard*, the AFDC recipients, whose benefits had been adversely affected by the amendments contained in the Deficit Reduction Act, argued that the district court's construction of those amendments, which produced that effect, was an improper construction. The Supreme Court said, at p. 3013, fn. 5:

"The District Court carefully considered these statutory arguments and rejected them. *Gilliard v. Kirk*, 633

**2.** Since, in the case at bar, Angela's Title II benefit exceeds the $320 four-person AFDC percentage of need expense standard by more than $50, thus eliminating the AFDC benefit, there is no need to determine whether the $50 offset would have been available here. See, however, *Ledbetter v. Foster*, 180 Ga.App. 696, 350 S.E.2d 31 (1986), holding that the $50 offset or "disregard" does apply to Title II benefits.

**3.** Although 42 U.S.C. § 602(a)(38)(B) uses the language "brother or sister," the Missouri Division of Family Services Income Maintenance Manual, Chapter I, § III, p. 2, states, in relevant part, that in determining the AFDC assistance group, "the needs and income of the following persons living in the household will be included: . . . . . .

F.Supp. 1529, 1548 (WDNC 1986). We agree with that court's analysis of the meaning of the statute and find no merit in appellees' statutory arguments advanced in this Court. See also *Gorrie v. Bowen*, 809 F.2d 508, 513–516 (CA8 1987)."

In *Gilliard v. Kirk*, supra, 633 F.Supp., which contains the approved analysis of the Deficit Reduction Act, the court said, at p. 1546:

"[T]he legislative history clearly shows that the intent of the [Deficit Reduction Act] amendment is to measure need by assessing the aggregated resources of all family members. The legislative history also makes clear that the option of choosing which members of a family may be included in the assistance unit is no longer available to families whose members have different individual sources of income. Consequently, the financial circumstances of an individual child are no longer determinative of that child's exemption from the AFDC unit but are now relevant to an appraisal of the eligibility of his or her mother and *half sisters* or brothers for AFDC benefits." [3] (Emphasis added.)

At p. 1547 the court said:

"Unless Congress intended to count the child support resources as available to the family as a whole, little or no saving would be accomplished. In addition, despite plaintiffs' attempts to offer a limiting reading of the statutory language, the Senate Report and the Con-

(5) Blood and adoptive brothers and sisters of the dependent child who are themselves dependent children. *This includes half-brothers and half-sisters.*" (Emphasis added.)

Respondent raises no contention that half-siblings are not affected by the amendments in the Deficit Reduction Act. The following cases, expressly or tacitly, apply the new statutory scheme to half-siblings: *Baldwin v. Ledbetter*, 647 F.Supp. 623, 627 (N.D.Ga.1986); *Showers v. Cohen*, 645 F.Supp. 217, 220 (M.D.Pa.1986); *Gilliard v. Kirk*, 633 F.Supp. 1529, 1533 (W.D.N.C. 1986); *Sherrod v. Hegstrom*, 629 F.Supp. 150, 151 (D.Or.1985); *Oliver v. Ledbetter*, 624 F.Supp. 325, 326 (N.D.Ga.1985); *Walker v. Karpan*, 726 P.2d 82, 83 (Wyo.1986); *Park v. Coler*, 143 Ill. App.3d 727, 97 Ill.Dec. 648, 649, 493 N.E.2d 130, 131 (1986).

ference Report obviously contemplate the inclusion of child support income in an applicant family's budget."

In the case at bar respondent Sutton advances several arguments, based upon her construction of the Deficit Reduction Act, which were advanced and rejected in *Gilliard v. Kirk,* supra. They need not be repeated here, for the Supreme Court has approved that rejection.

The holding in *Bowen v. Gilliard* was that the statutory scheme of the Deficit Reduction Act, amending the AFDC program to require families to include in the filing unit all children living in the same home, including those for whom support payments were being received, did not violate the due process and equal protection principles of the Fifth Amendment. The statutory scheme rationally serves both Congress' goal of decreasing federal expenditures and the Government's separate interest in distributing benefits among needy competing families in a fair way. It was also rational for Congress to adjust the AFDC program to reflect the fact that support money generally provides significant benefits for entire family units. The Court also held that the statutory scheme does not violate the "takings clause" of the Fifth Amendment ("... nor shall private property be taken for public use, without just compensation"), either with respect to the supported child or with respect to the other family members.

█ In short, the action of the Division in the case at bar in discontinuing respondent's AFDC benefits, because of the receipt by Angela of Title II benefits in the stated amount, was based upon a proper construction of the Deficit Reduction Act as set forth in *Gilliard v. Kirk,* a construction applicable to Title II benefits as well as child support. *Gorrie v. Bowen,* supra. Further, the Supreme Court, in *Bowen v. Gilliard,* rejected constitutional arguments, advanced on Fifth Amendment grounds, similar to those made by respondent Sutton.

The order and judgment of the circuit court, reversing the findings and decision of the Director of the Missouri State Division of Family Services, is reversed and the cause remanded to the circuit court with directions to set aside its judgment and to enter a new judgment affirming the decision of the Director of the Missouri State Division of Family Services, discontinuing respondent's Aid to Families with Dependent Children assistance. It is so ordered.

PREWITT, P.J., and HOGAN, and MAUS, JJ., concur.