United States Court of Appeals,

Fifth Circuit.

No. 92–1463

Summary Calendar.

Anita WILLIAMS and her Children, Plaintiffs–Appellants,

v.

Burton RAIFORD, Commissioner of the Texas Department of Human Services, et al.,
Defendants–Appellees.

Nov. 6, 1992.

Appeal from the United States District Court for the Northern District of Texas.

Before GOLDBERG, KING and GARWOOD, Circuit Judges.

PER CURIAM:

Plaintiffs are a family who received financial assistance through Aid to Families with Dependent Children ("AFDC")[1] and food stamps under the Food Stamp Program,[2] until the Texas Department of Human Services ("TDHS") determined that the family was no longer eligible for those benefits because one child had come into the equivalent of a small inheritance upon the death of her father.[3] Although the money is controlled by a representative payee who will not release the funds for purposes of supporting the family, the Texas Department of Human Services ("TDHS") nevertheless "deemed" the child's assets available to support the child and the rest of her family. Plaintiffs sued the commissioner of the Texas Department of Human Services under 42 U.S.C. § 1983

[1]42 U.S.C. § 601 et seq.

[2]7 U.S.C. § 2011 et seq.

[3]On the death of her father, the child obtained Old–Age, Survivors, and Disability Insurance Benefits ("OASDI"), including a monthly payment of $519, which the parties do not dispute is "deemable" to the family and reduces their eligibility for AFDC and food stamps, and an $11,844 lump sum, constituting retroactive OASDI benefits, of which $8,000 was used by the child's state-appointed representative payee to purchase a certificate of deposit on the child's behalf. The representative payee invested the $8,000 in the hope of preserving the funds for the education of the child after she attains majority. The representative payee has indicated a willingness to release these funds prior to that time if necessary for the child's welfare, but has not considered the family's loss of AFDC and food stamps to present such a necessity. The representative payee resides outside the plaintiffs' household.

(action for deprivation of civil rights under color of state law), 42 U.S.C. § 1396a(a)(17)(D) (Medicaid Program), 42 U.S.C. § 407 et seq. (Social Security), 7 U.S.C. § 2011 et seq. (Food Stamp Program).

Plaintiffs contend that a child does not have a duty to support her family with her own assets. We do not address this global claim, for it is not necessary to decide whether a child's assets may be reached in order to prevent the family's destitution. We find that it is well established that a child's assets may be reached by her siblings and other family members residing in the same household if necessary to prevent or reduce their reliance on welfare benefits. *See Bowen v. Gilliard,* 483 U.S. 587, 107 S.Ct. 3008, 97 L.Ed.2d 485 (1987); *Jackson v. Jackson,* 857 F.2d 951, 955–56 (4th Cir.1988).

Plaintiffs contend that even if the child does have a duty to support her family, when a representative payee or trustee residing outside the household controls the child's assets and refuses to release them, the assets may not be deemed "available" to the family for purposes of determining eligibility for AFDC and food stamps. Although plaintiffs have found support for this proposition in the discussion section of the regulations implementing the Deficit Reduction Act of 1984 ("DEFRA"),[4] which at least one other circuit has found compelling,[5] we find it unpersuasive in light of the overwhelming evidence that Congress sought, through DEFRA, to assure that only the most needy receive benefits, and sought, in particular, to "end the present practice whereby families exclude

---

[4]The Supplementary Information, Discussion of Major Provisions section of the AFDC interim rules under DEFRA, includes the following language:

> When title II [OASDI] benefits are paid to a representative payee on behalf of a member of the assistance unit and the payee lives in the same household as the assistance unit, the title II benefits must be counted as income. When the representative payee does not live in the household, the title II benefits are included only to the extent that the payee makes them available for the support of the beneficiary.

49 Fed.Reg. 35586, 35589 (1984).

[5]*See Cunningham Through Conner v. Toan,* 762 F.2d 63, 66 (8th Cir.1985) ("If the representative payee does not live in the same household as the OASDI beneficiary and the dependent child, appellants must consider the OASDI benefits as income available for the purpose of AFDC eligibility and grant amount determinations only to the extent that the representative payee makes the OASDI benefits available for the support of the OASDI beneficiary").

members with income in order to maximize family benefits, and [to] ... ensure that the income of family members who live together and share expenses is recognized and counted as available to the family as a whole." *Gilliard,* 483 U.S. at 593, 107 S.Ct. at 3013 (*quoting* S.Rep. No. 98–169 at 980). Section 402(a)(38) of the Act implementing Aid to Families with Dependent Children provides that "any income of or available for"[6] a family member living in the same household as the rest of his or her family is to be included in making the determination of the family's eligibility for AFDC, and specifically notes that 42 U.S.C. § 405(j) (providing for the appointment of representative payees) is no obstacle. *See* 42 U.S.C. § 602(a)(38). Thus, one of the duties of the representative payee is to perform the function within the dictates of 42 U.S.C. § 602(a)(38).[7]

The fact that plaintiffs do not contest the application of the child's monthly OASDI income to determinations regarding the family's eligibility for AFDC[8] suggests they understand the weakness of their argument that the child's assets must be preserved even while the family is forced to rely on welfare for support. The heart of the dispute, therefore, is not whether the child's assets may be applied to support other family members who otherwise would be forced to rely on welfare, but whether the representative payee may shelter the child's retroactive benefits, despite the fact that the back benefits are not different in kind from the monthly income received by the child.[9]

---

[6]We see no reason to limit the term "income" so as to exclude assets in this case, especially since the assets in question are simply the accumulated total of retroactive benefits which the child otherwise would have received monthly.

[7]42 U.S.C. § 407, which provides that OASDI benefits are not transferable or assignable, is no barrier, both because it must be read in light of the later enacted 42 U.S.C. § 602(a)(38), and because it covers different situations than the one presented here. In making the child's OASDI benefits available for purposes of supporting herself and her family, neither an assignment nor a transfer is being effected.

[8]Plaintiffs concede that, "The representative payee is required to provide for the child's immediate needs, which the parties agree she does by providing a portion of the *monthly* Social Security *income* to the household. The lump sum (i.e., the resource in question), is invested in anticipation of [the child's] future education needs."

[9]Both the retroactive benefits and the monthly income derive from OASDI. The fact that the retroactive benefits were received in a large lump sum does not in any meaningful respect distinguish them from the monthly income. If the representative payee fears that release of the lump sum will result in its being squandered, the representative payee might release the funds in monthly installments sufficient to prevent plaintiffs from requiring welfare assistance.

As desirable as it may be for this child to have a trust fund which she might use for various purposes when she attains majority, we cannot agree that she may maintain that trust fund while her family languishes in poverty and is supported wholly or in part by the public purse. We hold that the child's assets are "deemable" for the purposes of determining her family's eligibility for AFDC and food stamps. If the representative payee will not release the funds necessary to make up the loss of the AFDC benefits and food stamps, plaintiffs are not left without a remedy. They may challenge the appointment of this particular representative payee (or seek her removal) under 42 U.S.C. §§ 405(j)(2)(E)(i) and 405(j)(2)(E)(ii), or they may sue the representative payee.

AFFIRMED.