ANNA KASZYNSKI, Plaintiff-Appellant, v. THE DEPARTMENT OF PUBLIC AID et al., Defendants-Appellees.

Third District    No. 3—94—0797

Opinion filed August 2, 1995.

Prairie State Legal Services, of Ottawa (Susan Bursztynsky, of counsel),

and Bernard Shapiro, of Prairie State Legal Services, Inc., of Rockford, for appellant.

James Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Mary E. Welsh, Assistant Attorney General, of counsel), for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The plaintiff, Anna Kaszynski (mother), filed a complaint seeking administrative review of a decision of the Department of Public Aid (Department) regarding Aid to Families with Dependent Children (AFDC) benefits. She appeals from the trial court's order affirming the Department's decision.

The mother raises two issues on appeal: (1) whether the trial court erred in affirming the Department's decision that Old Age, Survivors or Disability Insurance benefits (OASDI benefits) received by her husband on behalf of his children could properly be considered in determining her eligibility for AFDC benefits; and (2) whether the doctrine of equitable estoppel bars the Department from collecting any overpayment of AFDC benefits.

We conclude that the OASDI benefits paid on behalf of the stepfather's children (stepsiblings) should not have been considered in determining the eligibility of the mother and her children for AFDC benefits. As a result, we find the trial court erred in affirming the Department's determination that the mother and her children were not eligible for benefits and that an overpayment occurred. Accordingly, we reverse the judgment of the trial court.

## FACTS

The mother applied for and received AFDC benefits for herself and her two children for the 10-month period from September 1991 through June 1992. At the beginning of each month, the mother completed a form which showed her assets and income for the previous month. The form was used to calculate the amount of the AFDC benefit that she would receive the following month. On these forms, the mother listed disability benefits received by her husband, Mike Kaszynski, her children's stepfather.

The stepfather received both OASDI benefits and Veterans Assistance (VA) benefits. The amount of the monthly benefits received by the stepfather changed several times and varied from $1,011 to $1,197 during the 10-month period. Included in these amounts were payments made on behalf of the stepsiblings pursuant to title II of the Social Security Act (Act) (42 U.S.C.A. § 401 et seq. (West Supp. 1995)) because of their father's disability. Section 402(d) provides for OASDI

benefits for children. (42 U.S.C.A. § 402(d) (West Supp. 1995).) The payments were sent directly to the stepfather, as representative payee. See 42 U.S.C.A. § 405(j)(1)(A) (West Supp. 1995).

In June, the mother's caseworker realized that she had not been budgeting stepparent liability as required by Department policy. The caseworker then determined the mother's eligibility for AFDC benefits based upon the form the mother completed listing the income the family received in May 1992. The caseworker added the OASDI and VA benefits received by the stepfather. The total amount was $1,302. This amount included $294 in OASDI benefits the stepfather received on behalf of the stepsiblings. The caseworker then subtracted from that total amount $927, the Department's standard of need for four people. The amount remaining, $375, was considered to be available to meet the needs of the mother and her two children. This amount exceeded the $355 AFDC benefit for a family of three. Accordingly, the mother was determined to be ineligible for benefits for July 1992.

The caseworker then recalculated the AFDC benefit the mother should have received for each month from September 1991 to June 1992. She calculated the amount of stepparent liability for each month, using the same formula. She determined that the mother had been overpaid for those months in the amount of $1,724.

On June 15, 1992, the Department notified the mother that her AFDC benefits would be discontinued, effective July 1992, based upon stepparent liability. On June 29, 1992, the mother was notified that she had been overpaid in the amount of $1,724 from September 1991 to June 1992. The notice stated that the overpayment occurred because stepparent liability was inadvertently omitted. The mother appealed both decisions, and a hearing was held on May 27, 1993.

The Department issued its decision on July 2, 1993. The Department set out portions of the Department's AFDC manual related to stepparent liability. The Department then concluded that the OASDI benefits paid to the stepfather on behalf of his children were not exempt and were properly considered in determining stepparent liability. The Department affirmed the decision to discontinue the mother's benefits and also affirmed the determination that the mother was overpaid in the amount of $1,724.

On August 6, 1993, the mother filed her complaint for administrative review. The parties submitted memoranda in support of their respective positions. On October 12, 1994, the trial court entered an order affirming the decision of the Department. The mother filed a timely notice of appeal.

## ISSUE

The mother argues that the OASDI benefits paid on behalf of the stepsiblings should not have been considered in determining her eligibility for AFDC benefits. It is undisputed that if this income is not considered, the mother and her children would have been eligible for benefits for the month of July 1992. Also, if this income is not considered, there was no overpayment for the months of September 1991 through June 1992.

## STANDARD OF REVIEW

The review of an administrative agency decision extends to all questions of law and of fact presented by the record. (*Township of Harlem v. Environmental Protection Agency* (1994), 265 Ill. App. 3d 41, 44, 637 N.E.2d 1252, 1254.) The findings and conclusions of the agency on questions of fact are held to be *prima facie* true and correct. (735 ILCS 5/3—110 (West 1992); *Strube v. Pollution Control Board* (1993), 242 Ill. App. 3d 822, 826, 610 N.E.2d 717, 720.) However, the agency's findings on questions of law, such as the proper interpretation of a statute, are not binding on the reviewing court (*Envirite Corp. v. Illinois Environmental Protection Agency* (1994), 158 Ill. 2d 210, 214, 632 N.E.2d 1035, 1037) and will be rejected when erroneous (*Fitzpatrick v. Human Rights Comm'n* (1994), 267 Ill. App. 3d 386, 390, 642 N.E.2d 486, 490). Nonetheless, the court should afford substantial deference to the agency's interpretation of a statute which the agency administers. *Township of Harlem*, 265 Ill. App. 3d at 44, 637 N.E.2d at 1254; *Strube*, 242 Ill. App. 3d at 826-27, 610 N.E.2d at 720.

## APPLICABLE LAW

Aid to Families with Dependent Children (AFDC) is a joint Federal-State public assistance program authorized by title IV-A of the Act (42 U.S.C.A. § 601 *et seq.* (West Supp. 1995)). (*Anderson v. Edwards* (1995), 514 U.S. 143, 148, 131 L. Ed. 2d 178, 184, 115 S. Ct. 1291, 1294.) States participate in the program voluntarily, but, in doing so, must administer the program pursuant to a State plan that conforms to the applicable Federal statutes and regulations. (*Anderson*, 514 U.S. at 148, 131 L. Ed. 2d at 184, 115 S. Ct. at 1294; *Pratt v. Wilson* (E.D. Cal. 1991), 770 F. Supp. 539, 541.) The Federal government then reimburses the State for a portion of the funding for the program. *Wilkes v. Gomez* (8th Cir. 1994), 32 F.3d 1324, 1326.

In 1981, Congress passed the Omnibus Budget Reconciliation Act of 1981 (OBRA) (Pub. L. No. 97—35, 95 Stat. 845 (1981)). OBRA was designed to reduce the outlay of Federal dollars targeted for social

programs. (*Rivera v. Department of Public Aid* (1985), 132 Ill. App. 3d 213, 221, 476 N.E.2d 1143, 1149.) Under OBRA, the AFDC provisions of the Act were amended to provide that, with certain exemptions, a stepparent's income was to be considered in determining eligibility for AFDC. (42 U.S.C.A. § 602(a)(31) (West Supp. 1995).) This amendment was upheld by the court in *Brown v. Heckler* (E.D. Pa. 1984), 589 F. Supp. 985, *aff'd* (3d Cir. 1985), 760 F. 2d 255. The court in *Brown* noted that the intent of Congress in passing OBRA was to prevent situations where children receive AFDC benefits even while they are an integral part of a family which may have substantial income. *Brown*, 589 F. Supp. at 992.

The Act was again amended when Congress passed the Deficit Reduction Act of 1984 (DEFRA) (Pub. L. No. 98—369, 98 Stat. 1134 (1984)). Under DEFRA, States must require that their AFDC programs consider the income of all parents and siblings living together in determining the family income. (*Park v. Coler* (1986), 143 Ill. App. 3d 727, 728, 493 N.E.2d 130, 131.) Congress sought, through DEFRA, to assure that only the most needy receive benefits and to ensure that the income of family members who live together and share expenses is recognized and counted as available to the family as a whole. (*Williams v. Raiford* (5th Cir. 1992), 976 F.2d 942, 943-44.) DEFRA was upheld by the Supreme Court in *Bowen v. Gilliard* (1987), 483 U.S. 587, 97 L. Ed. 2d 485, 107 S. Ct. 3008.

Following the passage of DEFRA, several cases considered the question whether OASDI benefits received by children could be considered in determining AFDC eligibility. (See *Bradley v. Austin* (6th Cir. 1988), 841 F.2d 1288; *Oliver v. Ledbetter* (11th Cir. 1987), 821 F.2d 1507; *Ardister v. Mansour* (W.D. Mich. 1986), 627 F. Supp. 641; *Park*, 143 Ill. App. 3d 727, 493 N.E.2d 130.) The plaintiffs in those cases noted that, under the Act, OASDI payments may be made to a representative payee for the child's "use and benefit." (42 U.S.C.A. § 405(j)(1)(A) (West Supp. 1995).) A representative payee who uses a payment for any purpose other than the use and benefit of an entitled child recipient is subject to criminal prosecution. (See 42 U.S.C.A. § 408(a)(5) (West Supp. 1995).) Accordingly, the plaintiffs argued that the OASDI benefits paid on behalf of eligible children could not be considered available for the use of the entire household and could not be considered in determining AFDC eligibility.

■ The courts disagreed, based upon the clear intent of Congress in enacting section 2640(a) of DEFRA (codified at 42 U.S.C. § 602(a)(38) (Supp. 1995)). Section 602(a)(38) specifically provides that, in determining the need of a child or relative for purposes of AFDC eligibility:

"the State agency shall \*\*\* include—
    (A) any parent of such child, and
    (B) any brother or sister of such child \*\*\*,
if such parent, brother, or sister is living in the same home as the dependent child, and any income of or available for such parent, brother, or sister shall be included in making such determination \*\*\* (*notwithstanding section 405(j) of this title, in the case of benefits provided under subchapter II of this chapter*)." (Emphasis added.) (42 U.S.C.A. § 602(a)(38) (West Supp. 1995).)

A regulation implementing this section provides that a dependent child's application for AFDC benefits must include "any blood-related or adoptive brothers or sisters." *Oliver*, 821 F.2d at 1510.

The courts determined that the plain language of section 602(a)(38) requires that OASDI benefits received by a sibling must be considered in determining eligibility for AFDC benefits, regardless of sections 405(j) and 408. (*Bradley*, 841 F.2d at 1293-94; *Oliver*, 821 F.2d at 1511-13; *Ardister*, 627 F. Supp. at 644; *Park*, 143 Ill. App. 3d at 730-34, 493 N.E.2d at 131-34; see also *Sullivan v. Stroop* (1990), 496 U.S. 478, 110 L. Ed. 2d 438, 110 S. Ct. 2499.) Accordingly, OASDI benefits received by blood-related or adopted siblings are considered available to provide support and maintenance for both the OASDI beneficiary and the AFDC assistance unit. See *Bradley*, 841 F.2d at 1294-95; *Oliver*, 821 F.2d at 1513; *Ardister*, 627 F. Supp. at 645; *Park*, 143 Ill. App. 3d at 730, 493 N.E.2d at 132.

However, the judge in *Ardister* noted:

"My particular concern about this amendment relates to the unquestionably strong statutory and common law precedent regarding the 'untouchability' of a child's Title II [OASDI] benefits, and the backhanded way in which Congress apparently deemed these benefits available to other members of the child's household." (*Ardister*, 627 F. Supp. at 644.)

Similarly, the court in *Park* also expressed concern about the backhanded manner by which Congress "went about making OASDI benefits of one child available for use by all of the family." *Park*, 143 Ill. App. 3d at 733, 493 N.E.2d at 134.

## ANALYSIS

Applying the law to the facts of this case, there is no question that the OASDI and VA benefits the stepfather received must be considered in determining the eligibility of the mother and her two children for AFDC benefits. (42 U.S.C.A. § 602(a)(31) (West Supp. 1995).) However, as the stepsiblings are not blood-related or adopted siblings of the mother's children, section 602(a)(38) does not apply. Section 602(a)(38) does *not* require that the OASDI benefits received on behalf of the stepsiblings be considered.

The Department does not cite any statute or regulation, Federal or State, which explicitly states that OASDI benefits paid on behalf of stepsiblings may be considered for purposes of determining eligibility for AFDC. However, it argues that neither Federal nor Illinois law prohibits consideration of the stepsiblings' OASDI benefits when calculating eligibility for AFDC. It contends that its decision to consider this income in determining stepparent liability is reasonable and well within its "great latitude" in administering the AFDC program. (See *Anderson*, 514 U.S. at 151, 131 L. Ed. 2d at 187, 115 S. Ct. at 1294.) It notes that the formula for computing stepparent liability includes consideration of the standard of need of the stepfather and the three stepsiblings. (See 42 U.S.C.A. § 602(a)(31) (West Supp. 1995).) Consequently, the Department argues that all income available to meet those needs should also be considered. See 42 U.S.C.A. § 602(a)(7) (West Supp. 1995).

However, the purpose of computing stepparent liability is to determine the amount of the stepparent's income that is available to meet the needs of the family members applying for AFDC benefits. It is apparent to us that including the stepsiblings' OASDI benefits in determining stepparent liability necessarily means that the stepsiblings' income is considered available to meet the needs of other family members.

■ The Act is clear that OASDI benefits paid on behalf of children are for the use and benefit of those children. (42 U.S.C.A. § 405(j)(1)(A) (West Supp. 1995).) We conclude that OASDI benefits cannot be considered available to meet the needs of other members of the household unless Congress specifically states that they can. Congress has specifically provided that OASDI benefits paid on behalf of blood-related or adopted siblings must be considered. (42 U.S.C.A. § 602(a)(38) (West Supp. 1995); *Oliver*, 821 F.2d at 1512-13.) However, Congress has not specifically stated that OASDI benefits paid on behalf of stepsiblings should be considered. In fact, the court in *Oliver* noted that the "legislative history [of DEFRA] reveals that Congress intended to exclude *** any stepbrothers or stepsisters of the dependent child from § 602(a)." *Oliver*, 821 F.2d at 1512-13.

Accordingly, Congress' expression of legislative intent and the "unquestionably strong statutory and common law precedent regarding the 'untouchability' of a child's Title II [OASDI] benefits" noted by the court in *Ardister* dictate that OASDI benefits paid on behalf of stepsiblings should not be considered in determining AFDC eligibility. As a result, we conclude that the Department's interpretation of the Act is contrary to Federal law and erroneous.

In addition, at oral argument, counsel for the mother informed

this court that the Department's AFDC manual specifically states that stepsiblings' income may not be considered in determining eligibility for AFDC benefits. Over the Department's objections, we granted the mother leave to file a copy of the pertinent portion of the manual as additional authority. The mother has submitted several pages which she states are from the Department's AFDC manual currently in effect. The relevant portion of PO-510 of the manual states:

> "When a stepbrother and/or stepsister is not included in the assistance unit, his/her income is not considered available to meet the needs of other family members."

In this case, the stepsiblings are not included in the assistance unit. Accordingly, based upon the AFDC manual, the OASDI benefits paid on the stepsiblings' behalf should not be "considered available to meet the needs of other family members." We note that the Department specifically relied on portions of the AFDC manual in making its decision, but did not apply this provision of the manual.

We recognize that it is not clear whether the AFDC manual is a regulation adopted in compliance with the Illinois Administrative Procedure Act (5 ILCS 100/1—1 *et seq.* (West 1992)). Accordingly, the statements in the AFDC manual may not be binding on the agency. (*Cf. Stull v. Department of Children & Family Services* (1992), 239 Ill. App. 3d 325, 332, 606 N.E.2d 786, 791 (rules "lawfully adopted by an administrative agency pursuant to statutory authority have the force of law and bind the agency to them").) However, an agency's manual is an "interpretive guide" to formally promulgated regulations and is entitled to be given some weight. *Shiner v. Sullivan* (D. Vt. 1991), 793 F. Supp. 1257, 1261; see also *Dugan v. Sullivan* (7th Cir. 1992), 957 F.2d 1384, 1388 (manual is agency's own operating rules); *Strube*, 242 Ill. App. 3d at 828, 610 N.E.2d at 721 (agency manual may be considered in deciding whether agency decision is reasonable).

We conclude that the AFDC manual is consistent with the Act and should have been followed by the Department in this case. Accordingly, based primarily upon the language of the Act regarding OASDI child's benefits and secondarily upon the AFDC manual, we find that the Department should not have considered the OASDI benefits paid on behalf of the stepsiblings in determining the eligibility of the mother and her two children for AFDC benefits. Therefore, the Department was incorrect when it decided that the mother was ineligible for benefits for the month of July 1992 and that an overpayment had been made for the 10-month period from September 1991 through June 1992. Accordingly, the trial court erred when it affirmed the Department's decision.

46

Finally, as a result of our holding on the first issue, it is not necessary for us to review the second issue concerning the doctrine of equitable estoppel.

For the reasons indicated, we reverse the judgment of the circuit court of Bureau County.

Reversed.

STOUDER, P.J., and LYTTON, J., concur.