Sixth Division

FILED:  08/21/98

No. 1-97-0338

BARBARA ARMSTEAD, )  Appeal from the Circuit 

)  Court of Cook County

Plaintiff-Appellee, )

)

v. )

)  No. 96 CH 06165

MICHAEL F. SHEAHAN, )

Sheriff of Cook County, and )

COOK COUNTY SHERIFF'S )

MERIT BOARD, et al. )  Honorable

)  Robert V. Boharic,

Defendants-Appellants. )  Judge Presiding.

JUSTICE ZWICK delivered the opinion of the court:

Defendants, Michael F. Sheahan, Sheriff of Cook County, and the Cook County Sheriff's Merit Board (Merit Board), appeal the circuit court's reversal of a final administrative decision based upon a determination that the Merit Board lacked jurisdiction to issue the decision.

The undisputed facts establish that on February 26, 1993, the Sheriff of Cook County (the Sheriff) instituted an employment policy which prohibited unlawful involvement with drugs; the presence of drugs or controlled substances or their metabolites in an employee's system; the use of cannabis or non-prescribed controlled substances; or the abuse of legally prescribed drugs or controlled substances by sworn employees of the Department, at any time, while on or off-duty.

On April 6, 1994, plaintiff Barbara Armstead submitted to a random drug test in accordance with the employment policy set forth above.  The results of that test indicated the presence of cannabinoids, a derivative of marijuana, and on April 11, 1994, plaintiff was suspended with pay.  A hearing was conducted on June 21, 1994, pursuant to the decision in 
Cleveland Board of Education v. Loudermill
, 470 U.S. 532, 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985).  At the conclusion of that hearing, plaintiff was suspended without pay.  On July 18, 1994, the Sheriff filed charges before the Merit Board, seeking termination of plaintiff's employment based upon her violation of the employment policy prohibiting drug use.  A hearing on the matter was held on February 15, 1996, and on May 17, 1996, the Merit Board ordered that plaintiff's employment be terminated for cause.

Plaintiff thereafter filed a timely complaint in the circuit court of Cook County seeking administrative review of the Merit Board's decision to terminate her employment.  Plaintiff argued that (1) 
the Merit Board lacked jurisdiction to issue the termination order, (2) the Merit Board's decision was against the manifest weight of the evidence, and (3) the decision was arbitrary and caricious.  The circuit court reversed the Merit Board's decision, finding that the Board lacked jurisdiction to terminate plaintiff's employment because the charges against her were not timely filed.  The Merit Board now appeals that ruling.

Administrative agencies, such as the Merit Board, exercise purely statutory powers and possess no inherent or common law powers.  
Newkirk v. Bigard
, 109 Ill. 2d 28, 37, 485 N.E.2d 321 (1985); 
Schalz v. McHenry County Sheriff's Department Merit Comm'n
, 113 Ill. 2d 198, 202, 497 N.E.2d 731 (1986).  Therefore, any power or authority claimed by an administrative agency must find its source within the provisions of the statute by which the agency was created.  
Schalz
, 113 Ill. 2d at 202.  Furthermore, such rules as are lawfully adopted by an administrative agency pursuant to statutory authority have the force of law and bind the agency to them.  
Kaszynski v. Department of Public Aid
, 274 Ill. App. 3d 38, 45, 653 N.E.2d 1330 (1995); 
Stull v. Department of Children & Family Services
, 239 Ill. App. 3d 325, 332, 606 N.E.2d 786 (1992).  To the extent that an agency acts outside its statutory authority, it acts without jurisdiction.  
Business & Professional People for the Public Interest v. Illinois Commerce Comm'n
, 136 Ill. 2d 192, 243, 555 N.E.2d 693 (1989).

Although the term "jurisdiction" is not strictly applicable to an administrative body, it is used to designate the authority of the administrative body to act.  
Newkirk
, 109 Ill. 2d at 37.  Thus, in the administrative law context, the term "jurisdiction" has three aspects: (1) personal jurisdiction (i.e., the agency's authority over the parties and intervenors involved in the proceedings); (2) subject-matter jurisdiction (i.e., the agency's power over the general class of cases to which the particular case belongs); and (3) an agency's scope of authority under its statute.  
Business & Professional People for the Public Interest
, 136 Ill. 2d at 243.  The third aspect is considered the inherent power of an agency to make or enter the particular order involved.  
Business & Professional People for the Public Interest
, 136 Ill. 2d at 243-44; 
City of Chicago v. Fair Employment Practices Comm'n
, 65 Ill. 2d 108, 112, 357 N.E.2d 1154 (1976).  Agency actions which are beyond the scope of an  administrative agency's jurisdiction or authority are void.  
City of Chicago
, 65 Ill. 2d at 112-13.

The only issue presented in this appeal is whether the Merit Board had authority to order termination of plaintiff's employment.  In deciding this issue, we examine the power conferred upon the Merit Board by its enabling act.

Sections 3-7011 and 3-7012 state as follows:

"§3-7011.  Disciplinary measures.  Disciplinary measures prescribed by the Board may be taken by the sheriff for the punishment of infractions of the rules and regulations promulgated by the Board.  Such disciplinary measures may include suspension of any deputy sheriff in the County Police Department, any full-time deputy sheriff not employed as a county police officer or county corrections officer and any employee in the County Department of Corrections for a reasonable period, not exceeding 30 days, without complying with the provisions of Section 3-7012 hereof.

§3-7012.  Removal, demotion or suspension.  Except as is otherwise provided in this Division, no deputy sheriff in the County Police Department, no full-time deputy sheriff not employed as a county police office or county corrections officer and no employee in the County Department of Corrections shall be removed, demoted or suspended except for cause, upon written charges filed with the Board by the Sheriff and a hearing before the Board thereon upon not less than 10 days' notice at a place to be designated by the chairman thereof.  55 ILCS 5/3-7011, 5/3-7012 (West 1996).

In addition, the rules and regulations governing the Merit Board provide that "[t]he Sheriff or his designated representative, may recommend discharge, demotion or suspension for a period of time in excess of thirty days *** provided charges against that person have been filed with the board and pending the decision of the Board on those charges."  Rules and Regulations of the Cook County Sheriff's Merit Board, Art. VIII, §A(3).

The record before us demonstrates that the Sheriff filed charges against plaintiff on July 18, 1994, and a hearing on the matter was held on February 15, 1996.  The Merit Board ordered that plaintiff's employment be terminated for cause on May 17, 1996.  Therefore, plaintiff was afforded the statutory protections mandated by section 3-7012 prior to the Merit Board's decision to terminate her employment for cause.

In her administrative review action, plaintiff argued that the Board lacked jurisdiction to enter the termination order because the charges against her were not filed within 30 days of the date of her suspension.  In support of this contention, plaintiff relied upon 
Zurek v. Cook County Police and Corrections Merit Board
, 42 Ill. App. 3d 1044, 1047-48, 356 N.E.2d 1079 (1976), which held that charges must be filed against an employee within the initial 30-day period if discharge, demotion or suspension for more than thirty days is sought.  We note, however, that in the 22 years since 
Zurek
 was decided, the language of the relevant Merit Board rule has been altered.  Significantly, that rule no longer requires that charges against an employee be filed "during the original period of suspension."  In light of this critical change in the rule, we find 
Zurek
 is not controlling in the case at bar.

The current rule requires only that charges be filed with the Board before the Sheriff recommends discharge, which was done here.

In reaching this conclusion, we note that plaintiff's complaint for administrative review did not challenge the propriety of her pre-termination suspension.  Rather, plaintiff appealed the validity of her termination and sought reinstatement of her employment.  The issue of whether the Sheriff acted properly in suspending plaintiff with pay from April 11, 1994, until June 21, 1994, was not before the circuit court and is not before this court.  Accordingly, we need not address plaintiff's argument that her suspension with pay violated the terms of sections 3-7011 and 3-7012.  The termination proceedings brought against plaintiff were independent of the pre-termination suspension and did not affect the Merit Board's jurisdiction to terminate plaintiff's employment for cause.  Because the due process safeguards incorporated in the above statutory sections were complied with, we hold that the Merit Board had jurisdiction to order termination of plaintiff's employment.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for determination of the remaining issues presented in plaintiff's complaint for administrative review.

Reversed and remanded.

CAMPBELL, P.J., and GREIMAN, J., concur.